CHARLES R. HALL v. R. HAYWOOD LASSITER D/B/A HIGH POINT CON-
CRETE PRODUCTS AND RICHARD LASSITER

No. 7918SC94

(Filed 20 November 1979)

1. **Rules of Civil Procedure § 4— summons delivered to place of business—im-
proper service**

 Delivery of summons to a person who was the son of one defendant and
brother of the other at defendants' place of business instead of defendants'
respective residences was not in compliance with G.S. 1A-1, Rule 4(j)(1), and
jurisdiction over defendants was not thereby obtained.

2. **Rules of Civil Procedure §§ 4, 41— improper service—action voluntarily dis-
missed—new action barred by statute of limitations**

 Where plaintiff suffered an injury on 24 July 1974 and commenced an ac-
tion by filing a complaint on 23 June 1977, but defendants were not properly
served with summons, the action was discontinued pursuant to G.S. 1A-1, Rule
4(e) well before plaintiff voluntarily attempted to dismiss the action pursuant
to Rule 41(a)(1), and the action was barred by the statute of limitations before
plaintiff instituted the new action on 1 August 1978.

APPEAL by plaintiff from *Collier, Judge.* Judgment entered 2
January 1979 in Superior Court, GUILFORD County. Heard in the
Court of Appeals 27 September 1979.

The case arises out of a car and truck collision which oc-
curred on 24 July 1974 in High Point. Plaintiff's car collided with
a truck driven by defendant, Richard Lassiter, who was acting
within the scope and course of his employment with a sole pro-
prietorship, High Point Concrete Products, owned and operated
by his father and the owner of the truck, defendant R. Haywood
Lassiter. Plaintiff commenced an action against defendants by fil-
ing a complaint on 23 June 1977. Plaintiff mailed a copy of the
summons and complaint to defendants' insurer on the same day.
The Randolph County Sheriff received the original summons and
copies of the summonses and complaints the next day. The sum-
monses greeted each defendant by name and indicated each ad-
dress as

 "c/o High Point Concrete Products
 RFD 3
 High Point, North Carolina
 (434-1815)."

Hall v. Lassiter

On 28 June 1977, a Randolph County deputy sheriff left copies of the summonses and complaints with Douglas Lassiter at the place of the then incorporated business of High Point Concrete Products. Neither defendant resided at this address. Douglas Lassiter is the son of defendant, R. Haywood Lassiter and brother of defendant, Richard Lassiter. All three were employees of High Point Concrete Products, Inc. Defendants received copies of the summonses and complaints on 28 or 29 June 1977. The insurer received copies in the regular course of the mail on or about 27 June 1977 and employed counsel to defend the action. The returns of service filled in by the deputy sheriff were both to the effect.

> "On [named individual defendant] on the 28 day of June, 1977, at the following place: Rt. #3, High Point, NC (fill in address where copy was delivered or left) By: X leaving copies with Doug Lassiter who is a person of suitable age and discretion and who resides in the defendant's dwelling house or usual place of abode."

Plaintiff received a copy of this return. This was the only attempt at service in the action and no alias or pluries summons was issued.

Defendants filed answer in which they defended on the merits and moved to dismiss for lack of personal jurisdiction because they had not been properly served. On 1 August 1978, plaintiff filed a paper, purportedly pursuant to Rule 41(a)(1) of the North Carolina Rules of Civil Procedure, entitled a "Stipulation of Dismissal" but signed only by plaintiff's counsel. A new action on the same claim was filed the same day. Defendants answered asserting the defense of the three year statute of limitations on tort claims since 1 August 1978, was more than three years from 24 July 1974, the day the cause of action arose. The trial judge granted summary judgment for defendants on this ground. Plaintiff appeals.

*Haworth, Riggs, Kuhn, Haworth and Miller, by John Haworth, for plaintiff appellant.*

*Nichols, Caffrey, Hill, Evans and Murrelle, by William L. Stocks, for defendant appellees.*

VAUGHN, Judge.

[1]  Plaintiff concedes that the summons was not served in compliance with Rule 4(j)(1)a of the Rules of Civil Procedure "[b]y delivering a copy of the summons and of the complaint to him or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion residing there. . . ." Plaintiff, nevertheless, suggests that under the philosophy expressed in *Wiles v. Construction Co.*, 295 N.C. 81, 243 S.E. 2d 756 (1978), actual notice of the suit cures deficiencies in service of process in the absence of a showing that defendant's opportunity to defend was hampered. In *Wiles*, the Supreme Court, overruling a long line of its cases, held that where the direction of the summons is to the corporation's registered agent rather than the corporation, and the corporate defendant is named in the complaint and the caption of the summons, the service is not defective even though the summons is not directed to the defendant as required by Rule 4(b). We first note that the defect in *Wiles* was in the form of the summons and not in the manner in which it was served. Notwithstanding the broad language used by the Court, we do not believe it intended, by judicial decree, completely to abolish the clearly stated statutory requirements for the service of process in favor of some nebulous concept of actual notice.

We conclude that the delivery of the papers to Douglas Lassiter at defendants' place of business instead of defendants' respective residences was not in compliance with the rule, and that jurisdiction over defendants was not thereby obtained. *Guthrie v. Ray*, 293 N.C. 67, 235 S.E. 2d 146 (1977); *Cole v. Cole*, 37 N.C. App. 737, 247 S.E. 2d 16 (1978); Annot., 32 A.L.R. 3d 112, 172-74 (1970).

[2]  The decision in this case, therefore, depends on when the action that was commenced on 23 June 1977 came to an end. Plaintiff contends it was voluntarily dismissed on 1 August 1978 without prejudice to file a new action based on the same claim within one year of the dismissal. *See* G.S. 1A-1, Rule 41(a)(1). Defendants contend the action, filed 23 June 1977, terminated ninety days after the date summons was issued because of defective service and failure of plaintiff to get either endorsement by the clerk or issuance of alias or pluries summons. *See* G.S. 1A-1, Rule 4(c), (d), (e), (j).

The paper entitled "Stipulation of Dismissal" filed by plaintiff on 1 August 1978 was not a "stipulation" as it was not "signed by all parties who have appeared in the action." Rule 41(a)(1). Only counsel for plaintiff signed the paper. It is, therefore, more properly a "notice of dismissal." Rule 41(a)(1). Only counsel for plaintiff signed the paper. It is, therefore, more properly a "notice of dismissal." Rule 41(a)(1) (emphasis added) provides in part:

> "If an action commenced within the time prescribed therefor, or any claim therein, is dismissed without prejudice *under this subsection*, a new action based on the same claim may be commenced within one year after such dismissal. . . ."

In *Ready Mix Concrete v. Sales Corp.*, 36 N.C. App. 778, 245 S.E. 2d 234 (1978), plaintiff obtained a default judgment in a contract claim arising on 11 August 1973, which was later set aside because the original summons in the action was defective. Alias summons was then issued on 6 October 1976. Defendant moved for dismissal and for summary judgment because the three year statute of limitations on contract actions had run. In reversing the trial judge's denial of defendant's motion, the Court noted that the action was properly commenced within the period of limitations pursuant to Rule 3 *but* it was discontinued pursuant to Rule 4(e) by the failure to serve defendant properly. Plaintiff in that case thus commenced the action on 6 October 1976, well beyond the statutorily prescribed three year period. The Court also held the trial court could not have by order pursuant to Rule 41(a)(2) dismissed the action without prejudice and allowed plaintiff a reasonable time to file his claim. "Rule 41 does not authorize a party to take a dismissal of a previous action barred by the statute of limitations and then refile the action in order to avoid the statute of limitations." 36 N.C. App. at 782, 245 S.E. 2d at 236-37.

Because of improper service, under Rule 4(j)(1)a, there was no service on defendants "within 30 days after the date of the issuance of summons" as required by Rule 4(c) and no extension "within 90 days after the issuance of summons" for later service pursuant to Rule 4(d).

> "When there is neither endorsement by the clerk nor issuance of alias or pluries summons within the time specified in Rule 4(d), the action is discontinued as to any defendant

not theretofore served with summons within the time allowed." Rule 4(e).

Defendants were not served properly and the action of 23 June 1977 was discontinued pursuant to Rule 4(e) well before plaintiff voluntarily attempted to dismiss the action pursuant to Rule 41(a)(1). *Sink v. Easter*, 284 N.C. 555, 202 S.E. 2d 138 (1974); *Lackey v. Cook*, 40 N.C. App. 522, 253 S.E. 2d 335 (1979). The action was barred by the statute of limitations before plaintiff instituted the new action on 1 August 1978.

For the reasons stated, the judgment is affirmed.

Affirmed.

Judges ERWIN and HILL concur.