Wheeler v. Roberts

Reversed in part;

Vacated and remanded in part.

Judges ARNOLD and WEBB concur.

---

CARRIE H. WHEELER, ADMINISTRATOR OF THE ESTATE OF WILLARD W. WHEELER, DECEASED v. THOMAS M. ROBERTS AND B. H. ROBERTS

No. 7928SC697

(Filed 19 February 1980)

**Actions § 11: Rules of Civil Procedure §§ 4, 41.1— absence of service on defendants—action discontinued—voluntary dismissal ineffective**

Plaintiff's prior wrongful death action against defendants was discontinued where the original summons was never served on defendants and no alias or pluries summons was issued or endorsement made within the time specified in G.S. 1A-1, Rule 4(d), and plaintiff's attempt to dismiss her prior action voluntarily was ineffectual to give plaintiff an additional year within which to commence a new action against defendants pursuant to G.S. 1A-1, Rule 41(a)(1). G.S. 1A-1, Rule 4(e).

APPEAL by plaintiff from *Lewis, Judge.* Judgment entered 4 June 1979 in Superior Court. BUNCOMBE County.

Plaintiff's intestate died 31 October 1973 after being struck by an automobile. On 30 October 1975 plaintiff commenced civil action No. 75CVS2124 against defendants to recover for the wrongful death of her intestate, alleging that his death was caused by their negligence. Summons was issued but was returned by the sheriff on 30 November 1975 with the notation as to each defendant: "Unable to locate." Thereafter no alias or pluries summons was issued nor was endorsement made on the original summons extending the time to complete service of process. On 12 August 1977 plaintiff filed in Case No. 75CVS2124 a notice of voluntary dismissal pursuant to G.S. 1A-1, Rule 41(a)(1)(i).

On 11 August 1978 plaintiff commenced the present action against defendants to recover for the wrongful death of her intestate, alleging the same facts and claim for relief as she had alleged in the prior action. Summons in the present action was

served on defendants, and defendants filed answer denying material allegations of the complaint and pleading, among other defenses, the statute of limitations.

The court granted defendants' motion for summary judgment dismissing plaintiff's action, from which judgment plaintiff appeals.

*VanWinkle, Buck, Wall, Starnes and Davis by Philip J. Smith for plaintiff appellant.*

*Dumont, McLean, Leake, Harrell, Talman and Stevenson by Larry Leake for defendant appellees.*

PARKER, Judge.

An action for damages on account of the death of a person caused by the wrongful act or neglect of another must be brought within two years of the death. G.S. 1-53(4). Plaintiff's intestate died 31 October 1973. The present action was commenced on 11 August 1978, almost five years after the date of death. The action was barred by the statute, and summary judgment dismissing the action was properly entered.

We do not agree with plaintiff's contention that the filing of a notice of voluntary dismissal in her prior action, which was commenced in apt time, gave her an additional year within which to commence the present action. In support of this contention, plaintiff relies upon the following from G.S. 1A-1, Rule 41(a)(1):

"If an action commenced within the time prescribed therefor, or any claim therein, is dismissed without prejudice under this subsection, a new action based on the same claim may be commenced within one year after such dismissal . . . ."

This provision from Rule 41(a)(1) has no application to the present case because plaintiff's prior action was not dismissed by her filing a notice of voluntary dismissal on 12 August 1977. At the time that notice was filed, plaintiff's prior action had already been discontinued.

"When there is neither endorsement by the clerk nor issuance of alias or pluries summons within the time specified in Rule 4(d), the action is discontinued as to any defendant

not theretofore served with summons within the time allowed." Rule 4(e).

The original summons in plaintiff's prior action was never served on defendants and no alias or pluries summons was issued or endorsement made within the time specified in Rule 4(d). Plaintiff's prior action was discontinued well before plaintiff attempted to dismiss it voluntarily pursuant to Rule 41(a)(1). Her attempt was ineffectual to bring the provisions of Rule 41(a)(1) into play. *Hall v. Lassiter*, 44 N.C. App. 23, 260 S.E. 2d 155 (1979).

The summary judgment dismissing plaintiff's action is

Affirmed.

Judges ARNOLD and WEBB concur.