MICHAEL ANTHONY ESTRADA v. STEVEN J. BURNHAM

No. 8415SC664

(Filed 7 May 1985)

**Rules of Civil Procedure § 41— voluntary dismissal before service attempted on defendant**

By filing his complaint, having summons issued, and taking a voluntary dismissal two minutes later, plaintiff tolled the statute of limitations and effectively obtained the one year extension within which to commence a new action based on the same claim pursuant to G.S. 1A-1, Rule 41(a)(1) even though no service on defendant was attempted.

APPEAL by plaintiff from *Walker, Judge*. Order entered 5 April 1984 in Superior Court, ORANGE County. Heard in the Court of Appeals 12 February 1985.

The sole question presented on this appeal is whether the court erred in granting defendant's motion to dismiss pursuant to Rule 12(b)(6) on the basis that the action was barred by the three year statute of limitations.

*McCain & Essen, by Grover C. McCain, Jr., and Jeff Erick Essen, for plaintiff-appellant.*

*Yates, Fleishman, McLamb & Weyher, by Joseph W. Yates, III and Barbara B. Weyher, for defendant-appellee.*

PARKER, Judge.

On 18 June 1982, at 4:28 p.m., a complaint styled "Michael Anthony Estrada v. Steven J. Burnham" was filed in Durham

County Superior Court, and a civil summons was issued. The complaint alleged that defendant was negligent in his care and treatment of plaintiff during a 17 June 1979 through 7 July 1979 hospitalization at North Carolina Memorial Hospital, and that as a proximate result of defendant's negligence, plaintiff had to undergo amputation of his left leg and sustained medical expenses, lost wages, and pain and suffering. Two minutes after the complaint was filed, at 4:30 p.m., plaintiff filed a Notice of Dismissal, voluntarily dismissing the action without prejudice pursuant to G.S. 1A-1, Rule 41(a)(1).

On 16 June 1983 plaintiff filed his complaint in this action against defendant alleging injuries resulting from defendant's negligence during the same 17 June 1979 through 7 July 1979 hospitalization. Defendant was properly served with process and filed a motion to dismiss which is the issue on this appeal.

General Statute 1A-1, Rule 41 provides:

(a) Voluntary Dismissal; effect thereof.

(1) By Plaintiff; by Stipulation.—Subject to the provisions of Rule 23(c) and of any statute of this State, an action or any claim therein may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before the plaintiff rests his case, or; (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of this or any other state or of the United States, an action based on or including the same claim. If an action commenced within the time prescribed therefor, or any claim therein, is dismissed without prejudice under this subsection, a new action based on the same claim may be commenced within one year after such dismissal unless a stipulation filed under (ii) of this subsection shall specify a shorter time.

There is no contention by defendant that the original complaint was not timely filed. Rather, defendant asserts that plaintiff must serve or attempt service upon defendant before plaintiff

can benefit from the "saving" provision of Rule 41(a) allowing an action to be refiled within one year after a voluntary dismissal. We do not agree.

Rule 41(a) does not require that plaintiff attempt service upon defendant before plaintiff can voluntarily dismiss his action. Nor does Rule 41(a) limit the reasons why plaintiff may take a voluntary dismissal. Rule 3 of the Rules of Civil Procedure provides that an action is commenced by filing a complaint. The commencement of an action normally tolls the statute of limitations.

This Court has previously held that once an action is timely filed, the giving of a notice of voluntary dismissal gives plaintiff an extension of time beyond the general statute of limitation and allows plaintiff an additional year from the date the notice was given to refile an action based on the same claim. *Freight Lines v. Pope, Flynn & Co.*, 42 N.C. App. 285, 256 S.E. 2d 522 (1979); *Whitehurst v. Transportation Co.*, 19 N.C. App. 352, 198 S.E. 2d 741 (1973); *See also Hailslip v. Riggs*, 534 F. Supp. 95 (W.D.N.C. 1981).

Defendant contends that the cases of *Adams v. Brooks*, 73 N.C. App. 624, 327 S.E. 2d 19 (1985), *Wheeler v. Roberts*, 45 N.C. App. 311, 262 S.E. 2d 829 (1980) and *Hall v. Lassiter*, 44 N.C. App. 23, 260 S.E. 2d 155 (1979), are controlling on the issue. These cases are distinguishable for the reason that plaintiffs in these cases failed to keep their original actions "alive." In *Wheeler* and *Hall*, the original actions had already been discontinued by operation of law under Rule 4(e) at the time plaintiff attempted to take a voluntary dismissal. The attempted voluntary dismissal was a nullity, and the one year extension under Rule 41(a) was not available. In the instant case, the original action was "alive" at the time of plaintiff's voluntary dismissal. Before plaintiff took his voluntary dismissal, no time period had lapsed during which plaintiff was required by the Rules of Civil Procedure to take further steps to keep his action viable. Plaintiff's original action ended when he filed his notice of voluntary dismissal.

By filing his complaint, having the summons issued, and taking the voluntary dismissal without prejudice, plaintiff tolled the statute of limitations and effectively obtained the one year extension within which to commence a new action based on the same claim pursuant to Rule 41(a)(1).

While the result may be harsh as to defendant because defendant is left subject to suit without notice for an additional year, modification, if any, of the Rules of Civil Procedure is within the province of the Legislature.

Defendant's contentions regarding Rule 11 are, in our judgment, inapplicable to the facts of this case.

The judgment appealed from is

Reversed.

Judges ARNOLD and EAGLES concur.