RUTH ELIZABETH JOHNSON v. CITY OF RALEIGH, a North Carolina Municipal Corporation

No. 8910SC167

(Filed 3 April 1990)

**Municipal Corporations § 42.1 (NCI3d); Rules of Civil Procedure § 41.1 (NCI3d) — delivery of summons to improper person — no personal jurisdiction over defendant — voluntary dismissal based on defective process — second action barred by statute of limitations**

While delivery of a summons to the mayor's assistant was sufficient to give defendant city notice of plaintiff's suit; the delivery of the summons to a person other than the official named in N.C.G.S. § 1A-1, Rule 4(j)(5) was insufficient to confer personal jurisdiction over defendant city before plaintiff voluntarily dismissed the suit; therefore, because plaintiff's first voluntarily-dismissed suit was based on defective process, her second action was barred by the statute of limitations, and the trial court properly entered summary judgment for defendant.

**Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 691, 696, 854.**

APPEAL by plaintiff from order entered 7 December 1988 by *Judge James H. Pou Bailey* in WAKE County Superior Court. Heard in the Court of Appeals 14 September 1989.

*Winborne & Winborne, by Vaughan S. Winborne, Jr., for plaintiff-appellant.*

*Bailey & Dixon, by Gary S. Parsons and Cathleen M. Plaut, for defendant-appellee.*

GREENE, Judge.

Plaintiff appeals the court's grant of summary judgment for defendant.

The record shows that plaintiff filed suit on 7 December 1987 against the City of Raleigh ("City") for personal injuries arising out of plaintiff's fall on a wet sidewalk on 10 December 1984. The clerk of superior court issued summons on 7 December 1987, ad-

dressed to "Mayor . . . or City Attorney Dempsey Benton," which was served at the City Mayor's office on 10 December 1987. The server left a copy of the complaint and summons with the mayor's assistant. The City answered, asserting lack of personal jurisdiction, insufficiency of process and insufficient service of process. City also denied negligence and asserted affirmative defenses of contributory negligence and assumption of the risk. Without reissuing process, plaintiff voluntarily dismissed suit on 25 August 1988.

Plaintiff refiled suit on 5 October 1988. The clerk issued summons on 5 October 1988, addressed to "[t]he *person* of . . . City Manager Dempsey Benton" (emphasis in original Civil Summons). The summons was served on the City Manager on 7 October 1988. On 10 November 1988, the City moved to dismiss plaintiff's action for insufficient process, insufficient service of process, lack of personal jurisdiction, and failure to state a claim upon which relief can be granted, and subsequently moved for summary judgment.

In support of its motions, the City offered the affidavit of the Safety Co-ordinator for the City, stating that plaintiff previously commenced an action against the City arising out of the same facts or circumstances as that of the current suit.

---

The issue presented is whether the trial court obtained personal jurisdiction over the City in plaintiff's first lawsuit. Determination of this issue resolves the ultimate issue of whether plaintiff brought suit within the statute of limitations for negligence.

The statute of limitations for personal injury allegedly due to negligence is three years. N.C.G.S. § 1-52(5) (1989). Under the statute, plaintiff was required to file suit by 10 December 1987. If plaintiff obtains proper service on defendant within the statute of limitations time, plaintiff's voluntary dismissal of the first suit tolls the statute of limitations for one year. N.C.G.S. § 1A-1, Rule 41 (a)(1) (1989). However, a voluntarily-dismissed suit which is based on defective service does not' toll the statute of limitations. *Hall v. Lassiter*, 44 N.C. App. 23, 26-27, 260 S.E.2d 155, 157, *review denied*, 299 N.C. 330, 265 S.E.2d 395 (1980). Defective or failed original service in a suit may be remedied by endorsement of the original summons or by application for alias and pluries summons within ninety days of original issue or last endorsement. N.C.G.S. § 1A-1, Rule 4(d) (1989). If a party fails to use either method to extend time for service, the suit is discontinued, and treated as

if it had never been filed. Rule 4(e); *Hall*, 44 N.C. App. at 26-27, 260 S.E.2d at 158. If a new summons is issued after the original suit is discontinued, it begins a new action. Rule 4(e); *Everhart v. Sowers*, 63 N.C. App. 747, 751, 306 S.E.2d 472, 475 (1983).

When a statute prescribes the manner for proper notification, the summons must be issued and served in that manner. *Long v. Cabarrus County Bd. of Educ.*, 52 N.C. App. 625, 626, 279 S.E.2d 95, 96 (1981). Moreover, when a statute authorizes substituted process, the court strictly construes the statute to determine whether a party obtained effective service. *Huggins v. Hallmark Enterprises, Inc.*, 84 N.C. App. 15, 20, 351 S.E.2d 779, 782 (1987) (citation omitted). While the defective method of service may be sufficient to give the party actual notification of the proceedings, such actual notice does not give the court jurisdiction over the party. *Hunter v. Hunter*, 69 N.C. App. 659, 662, 317 S.E.2d 910, 911 (1984).

The statute at issue provides:

> (j) *Process—Manner of service to exercise personal jurisdiction.—* In any action commenced in a court of this State having jurisdiction of the subject matter and grounds for personal jurisdiction as provided in G.S. 1-75.4, the manner of service of process within or without the State shall be as follows:
>
> (5) Counties, Cities, Towns, Villages and Other Local Public Bodies. —
>
> > a. Upon a city, town, or village by *personally* delivering a copy of the summons and of the complaint to its *mayor, city manager* or *clerk* or by mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to its mayor, city manager or clerk.
> >
> > . . . .
> >
> > d. In any case where none of the *officials, officers* or *directors* specified in paragraphs a, b and c can, after due diligence, be found in the State, and that fact appears by affidavit to the satisfaction of the court, or a judge thereof, such court or judge may grant an order that service upon the party sought to be served may be made by personally delivering a copy of the summons and of the complaint to the

> *Attorney General* or *any deputy or assistant attorney general* of the State of North Carolina, or by mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the Attorney General or any deputy or assistant attorney general of the State of North Carolina.

N.C.G.S. § 1A-1, Rule 4(j)(5) (1989) (emphases added). Clearly, the statute does not provide for substituted personal process on any persons other than those named in provisions (j)(5)(a) and (j)(5)(d).

When the summons is directed to a natural person, the server may leave the process with other persons to obtain substitute process. Rule 4(j)(1)(a). A city is not a natural person and such substituted process is "defective and insufficient to obtain personal jurisdiction over the [public body]." *Long*, at 626, 279 S.E.2d at 96.

The circumstances of this case show that, while delivery of the summons to the mayor's assistant was sufficient to give the City notice of the suit, the delivery of the summons to a person other than the named official was insufficient to give the court personal jurisdiction over the City. Plaintiff failed to remedy defective process by the methods set out above, after receiving notice in the City's answer to plaintiff's first suit that service was insufficient to confer personal jurisdiction over the City and before plaintiff voluntarily dismissed suit. Accordingly, because plaintiff's first voluntarily-dismissed suit was based on defective process, the second action, filed on 5 October 1988, was barred by the statute of limitations and the trial court properly entered summary judgment.

Affirmed.

Judges JOHNSON and EAGLES concur.