SALLIE MAE LATHAM v. REATHA CHERRY

No. 932SC251

(Filed 7 September 1993)

**Process and Service § 15 (NCI4th)— extension of time to file complaint—no summons—running of statute of limitations**

The trial court did not err by dismissing plaintiff's negligence action and denying her motion for a new trial or relief from judgment where plaintiff applied to the Clerk of Superior Court for an order extending time to file a negligence complaint on 1 June 1990; an assistant clerk signed an order extending the time for filing the complaint until 21 June 1990; plaintiff's summons was returned unserved on 19 June 1990; plaintiff timely filed her complaint on 21 June 1990, seeking damages resulting from an automobile accident that occurred on or about 2 June 1987; plaintiff served defendant with the complaint, along with a document entitled "Delayed Service of Complaint," on 27 June 1990; plaintiff voluntarily dismissed the action without prejudice on 20 November 1990; plaintiff refiled her complaint on or about 19 November 1991; and the trial court allowed defendant's motion to dismiss based upon the statute of limitations and subsequently denied plaintiff's motion for a new trial or to grant relief on judgment. The voluntary dismissal of an action based on defective service does not toll the statute of limitations and a new summons issued after the discontinuation of the original action begins a new action. The document entitled "Delayed Service of Complaint," served along with the complaint, does not substitute for a summons. N.C.G.S. § 1A-1, Rule 4.

**Am Jur 2d, Limitation of Actions §§ 210, 313.**

**Tolling of statute of limitations where process is not served before expiration of limitation period, as affected by statutes defining commencement of action, or expressly relating to interruption of running of limitations. 27 ALR2d 236.**

Appeal by plaintiff from orders entered 12 June 1992 and 19 November 1992 by Judge Richard B. Allsbrook in Martin County Superior Court. Heard in the Court of Appeals 16 August 1993.

LATHAM v. CHERRY

[111 N.C. App. 871 (1993)]

*Willis A. Talton for plaintiff-appellant.*

*Herrin & Morano, by Mark R. Morano, for defendant-appellee.*

McCRODDEN, Judge.

The issue posed by this case is whether a voluntary dismissal without prejudice tolls the statute of limitations in a case in which the plaintiff, seeing the statute of limitations about to run, receives an order extending the time for filing a complaint but fails to serve defendant with civil summons and the order, files her complaint within the time allowed by the order, and properly serves defendant with the complaint and a "Delayed Service of Complaint."

The facts of the case are as follows. On 1 June 1990, plaintiff applied to the Clerk of Superior Court, Pitt County, for an order extending time to file a complaint seeking damages allegedly resulting from defendant's negligence. On that same day an assistant clerk signed an order extending the time for filing the complaint until 21 June 1990. Plaintiff was required to serve defendant with a copy of the order extending time to file her complaint and civil summons. However, plaintiff's "Civil Summons to be Served with Order Extending Time to File Complaint," issued on 1 June 1990, was returned unserved on 19 June 1990. On 21 June 1990, plaintiff timely filed her complaint, seeking from defendant damages resulting from an automobile accident that occurred on or about 2 June 1987. She served defendant with the complaint, along with a document entitled "Delayed Service of Complaint," on 27 June 1990. On 20 November 1990, plaintiff voluntarily dismissed the action without prejudice.

On or about 19 November 1991, plaintiff refiled her complaint, this time in Martin County. She served defendant with a summons and a copy of the complaint on 26 November 1991. On 10 December 1991, defendant filed a motion to dismiss based upon the statute of limitations contained in N.C. Gen. Stat. § 1-52(16) (1983). On 12 June 1992, the trial court allowed defendant's motion to dismiss. Plaintiff subsequently filed a "Motion for New Trial or to Grant Relief on Judgment." On 19 November 1992, the trial court denied plaintiff's motion.

---

By her appeal, plaintiff challenges both the dismissal and the denial of her motion for relief. Specifically, she contends that her

complaint, filed 19 November 1991, was timely because she filed it less than a year after voluntarily dismissing her first action without prejudice. The crux of the problem in this case, however, lies with the effect of plaintiff's failure to serve defendant with civil summons when she obtained an extension of time in which to file her complaint.

The statute of limitations for personal injury due to negligence is three years. N.C.G.S. § 1-52(16). Under N.C. Gen. Stat. § 1A-1, Rule 3(a) (1990), a plaintiff may commence an action by filing a complaint or by obtaining an extension of time. Rule 3(a) also requires that the summons and the court order extending time be filed in accordance with the provisions of N.C. Gen. Stat. § 1A-1, Rule 4 (1990). This Court has addressed the necessity of a summons:

> The summons constitutes the means of obtaining jurisdiction over the defendant. . . . The summons, not the complaint, constitutes the exercise of the power of the State to bring the defendant before the court. As such, defects in the summons receive careful scrutiny and can prove fatal to the action.

*Childress v. Forsyth County Hospital Auth.*, 70 N.C. App. 281, 285, 319 S.E.2d 329, 332 (1984), *disc. review denied*, 312 N.C. 796, 325 S.E.2d 484 (1985) (citations omitted).

A party may correct a failed or defective original service by endorsement of the original summons or by application for alias and pluries summons within ninety days of original issue or last endorsement. N.C.G.S. § 1A-1, Rule 4(d); *Johnson v. City of Raleigh*, 98 N.C. App. 147, 389 S.E.2d 849, *disc. review denied*, 327 N.C. 140, 394 S.E.2d 176 (1990). If neither method is used to extend time for service, the action is discontinued and treated as if it had never been filed. N.C.G.S. § 1A-1, Rule 4(e); *Hall v. Lassiter*, 44 N.C. App. 23, 260 S.E.2d 155 (1979), *disc. review denied*, 299 N.C. 330, 265 S.E.2d 395 (1980).

If a plaintiff obtains proper service on a defendant within the time for filing a complaint, a voluntary dismissal of the first action tolls the statute of limitations for one year. N.C. Gen. Stat. § 1A-1, Rule 41(a)(1) (1990); *Johnson*, 98 N.C. App. 147, 389 S.E.2d 849. However, the voluntary dismissal of an action based on defective service does not toll the statute of limitations. *Johnson*, 98 N.C. App. 147, 389 S.E.2d 849; *Hall*, 44 N.C. App. 23, 260 S.E.2d 155. A new summons issued after the discontinuation of the original

action begins a new action. N.C.G.S. § 1A-1, Rule 4(e); *Everhart v. Sowers*, 63 N.C. App. 747, 306 S.E.2d 472 (1983).

In this case, because defendant's alleged negligence occurred 2 June 1987, plaintiff had to file a complaint or seek an extension by 2 June 1990. On 1 June 1990, plaintiff complied with Rule 3(a) by applying for an extension of time. The required summons was issued but was subsequently returned unserved on 19 June 1990; plaintiff took no further action to serve defendant with this summons and order.

Moreover, the document entitled "Delayed Service of Complaint," served along with the complaint, does not substitute for a summons. It does not constitute a link in the chain of process as does a summons. *Childress*, 70 N.C. App. 281, 319 S.E.2d 329. Although the "Delayed Service of Complaint" contains language similar to a summons, the language is insufficient. "The purpose of a summons is to give notice to a person to appear at a certain place and time to answer a complaint against him." *Wearing v. Belk Bros., Inc.*, 38 N.C. App. 375, 376, 248 S.E.2d 90, 90 (1978). Indeed, a summons must "notify each defendant to *appear* and answer within 30 days." N.C.G.S. § 1A-1, Rule 4(b) (emphasis added). The "Delayed Service of Complaint" instructs defendant to answer, but it does not instruct defendant to appear. "In order for a summons to serve as proper notification, it must be issued and served in the manner prescribed by statute." *Everhart*, 63 N.C. App. 747, 750, 306 S.E.2d 472, 474. It is irrelevant that defendant may have had actual or constructive notice of the action since failure to serve a proper summons "makes the service invalid even though a defendant had actual notice of the lawsuit." *Roshelli v. Sperry*, 57 N.C. App. 305, 307, 291 S.E.2d 355, 356 (1982). The "Delayed Service of Complaint" in this case does not contain the required statutory language and does not serve as proper notification to defendant that she must appear.

The defective service of process discontinued plaintiff's original action, and the trial court properly treated the voluntary dismissal as if it had never been filed and the statute of limitations as if it had not been tolled. Plaintiff's second complaint, therefore, constituted a new action which plaintiff failed to file within the three years required by the statute of limitations.

BRYANT v. STATE BD. OF EXAMINERS OF ELECTRICAL CONTRACTORS

[111 N.C. App. 875 (1993)]

For the foregoing reasons, we affirm the orders of the trial court dismissing plaintiff's action and denying her motion for a new trial or for relief from judgment.

Affirmed.

Judges WELLS and EAGLES concur.