**HEMMINGS v. GREEN**

[122 N.C. App. 191 (1996)]

Dismissed in part and reversed in part.

Chief Judge ARNOLD and Judge MARTIN, Mark D. concur.

———————————

HAROLD DEE HEMMINGS, Plaintiff v. ERNEST G. GREEN, Defendant

No. COA94-1247

(Filed 2 April 1996)

**Process and Service § 37 (NCI4th)— service of "Delayed Service of Complaint" form—no valid service**

Plaintiff's service of a "Delayed Service of Complaint" form did not constitute valid service on defendant, since that form did not notify defendant of an obligation to appear at a certain place to answer the complaint, and it was thus not a substitute for a summons and was not a valid method of service. N.C.G.S. § 1A-1, Rule 4(b).

**Am Jur 2d, Process § 148.**

Appeal by plaintiff from order of dismissal entered 19 August 1994 by Judge William H. Freeman in Forsyth County Superior Court. Heard in the Court of Appeals 24 August 1995.

*Gordon & Nesbit, P.L.L.C., by L. G. Gordon, Jr., and Thomas L. Nesbit, for plaintiff appellant.*

*Bowden & Rabil, P.A., by S. Mark Rabil, for defendant appellee.*

COZORT, Judge.

The issue in this case is whether plaintiff's service of a "Delayed Service of Complaint" form constitutes valid service on defendant, since said form does not notify defendant of an obligation to appear at a certain place to answer the complaint. We hold that the form is not a substitute for a summons and is not a valid method of service. The trial court dismissed plaintiff's case for lack of service, and we affirm.

On 18 March 1994, plaintiff Harold Dee Hemmings commenced this action, alleging alienation of affections and criminal conversation by defendant Ernest G. Green. Plaintiff initiated said action by filing an application and obtaining an order extending his time to file a

complaint. Pursuant to this application, the clerk of court issued a summons on form AOC-CV-102, entitled "Civil Summons To Be Served With Order Extending Time To File Complaint" on 18 March 1994. Both the form and the order extending the time to file complaint were returned unserved as to defendant on 21 March 1994.

Next, on 7 April 1994, plaintiff filed his complaint, and the clerk issued a "Delayed Service of Complaint," form AOC-CV-103. The defendant was served with the Delayed Service of Complaint (AOC-CV-103) on 12 April 1994. On 28 April 1994, the clerk of court granted defendant's application for extension of time to answer or otherwise plead, extending defendant's reply deadline to 11 June 1994. Defendant then moved to dismiss plaintiff's complaint on 13 June 1994, said motion grounded upon the North Carolina Rules of Civil Procedure, alleging: lack of jurisdiction over the person, insufficiency of process, and insufficiency of service of process. N.C. Gen. Stat. § 1A-1, Rules 12(b)(2), (4), (5) (1990).

The trial court, after considering the documents of record and arguments of counsel, found that the plaintiff failed to "obtain an endorsement to the original summons or alias or pluries summons within the ninety (90) days allowed by Rule 4(d) of the North Carolina Rules of Civil Procedure." Further, the trial court found that defendant had never been served with a summons by plaintiff. As a result, the trial court concluded as a matter of law that: (1) the three-year statute of limitations applicable to plaintiff's action expired on 20 March 1994, N.C. Gen. Stat. § 1-52(5) (1983); and (2) that dismissal based on defendant's Rule 12(b) motion was warranted. Based on the foregoing, the trial court dismissed plaintiff's action with prejudice on 19 August 1994. The appropriateness of the trial court's dismissal for lack of proper service is the sole issue on appeal. We affirm.

We find our analysis in *Latham v. Cherry*, 111 N.C. App. 871, 433 S.E.2d 478, *cert. denied*, 335 N.C. 556, 441 S.E.2d 116 (1994), persuasive. In *Latham*, this Court held that a Delayed Service of Complaint form, served alongside the complaint itself, is not a legally adequate substitute for a summons. *Id.* at 874, 433 S.E.2d at 480-81. Although the information conveyed in a Delayed Service of Complaint is similar to that of a summons proper, it falls short because it only tells the defendant to answer, not to appear. *Id.* at 874, 433 S.E.2d at 481. By statute, a summons must "notify each defendant to *appear* and answer within 30 days." N.C. Gen. Stat. § 1A-1, Rule 4(b) (1990) (emphasis added).

HEMMINGS v. GREEN

[122 N.C. App. 191 (1996)]

The record below shows plaintiff failed to request defendant's appearance in its Delayed Service of Complaint. Accordingly, the trial court found that no summons had ever been served on the defendant and allowed defendant's motion to dismiss. In reviewing the decision of a trial court sitting without a jury, this Court's role is to determine " 'whether there was competent evidence to support its findings of fact and whether its conclusions of law were proper in light of such facts.' " *Chemical Realty Corp. v. Home Fed'l Savings & Loan*, 84 N.C. App. 27, 37, 351 S.E.2d 786, 792 (1987) (quoting *In re Norris*, 65 N.C. App. 269, 275, 310 S.E.2d 25, 29 (1983), *disc. review denied*, 310 N.C. 744, 315 S.E.2d 703 (1984)). We find ample evidence in the record to support the findings. We further find *Latham* controlling and dispositive on the trial court's conclusions of law. The dismissal of plaintiff's complaint is

Affirmed.

Judges WALKER and McGEE concur.