**John ELKINS, Plaintiff,**

v.

**J.A. BROOME, in his individual and official capacities, as a police officer for the City of Winston–Salem, Defendant.**

**No. 1:02CV00305.**

United States District Court,
M.D. North Carolina,
Winston–Salem Division.

Feb. 26, 2003.

John Elkins, Winston–Salem, NC, pro se plaintiff.

Alison Raney Bost, Womble, Carlyle, Sandridge & Rice, Winston–Salem, NC, for defendant.

## MEMORANDUM OPINION

BULLOCK, District Judge.

On April 22, 2002, John Elkins ("Plaintiff"), proceeding *pro se*, filed this action against J.A. Broome ("Defendant"), in his individual and official capacities, alleging various claims under 42 U.S.C. § 1983. Plaintiff attempted to serve the summons and complaint on Defendant on November 14, 2002. This matter is before the court on a motion to dismiss by Defendant for lack of personal jurisdiction due to insufficiency of service of process pursuant to Federal Rules of Civil Procedure 12(b)(2), (5), and (6). Also before the court is a motion for an extension of time by Plaintiff pursuant to Federal Rule of Civil Procedure 4(m).

For the following reasons, the court will deny Defendant's motion and grant Plaintiff's motion.

### FACTS

This action arises out of Plaintiff's arrest by Defendant on April 20, 1999. Plaintiff alleges that his arrest was unlawful and that Defendant thereby violated his constitutional rights. Plaintiff filed his complaint on April 22, 2002. Plaintiff did not serve Defendant with the summons and complaint within 120 days of filing the complaint. Instead, on October 11, 2002, Plaintiff filed an *ex parte* motion for an extension of time to effect service of process due to an emergency in Plaintiff's family. On October 25, 2002, the court granted Plaintiff's motion and extended the time to serve Defendant through November 15, 2002.

On November 6, 2002, Plaintiff hired a professional process server, Charles Earp, to serve the summons and complaint. Earp attempted to locate the home address of Defendant, a Winston–Salem police officer, by checking the telephone directory and by contacting the Department of Motor Vehicles. Unable to locate Defendant's home address through either means, Earp contacted the police dispatcher to inquire as to Defendant's work schedule. The dispatcher informed Earp that Defendant's work sched-

ule was not available. On November 11, 2002, Earp attempted to serve Defendant personally at or around 8:30 p.m. at the police department but was informed Defendant was not on duty.

That same day, Earp instructed his employee, Arnold Christian, to serve the summons and complaint. Christian attempted to serve Defendant at the police department later that night at 11:30 p.m., but was informed that Defendant was not on duty. On November 12, 2002, Christian contacted the dispatcher and was informed that Defendant would not be on duty at all that day. On November 13, 2002, at 9:30 p.m., Christian went to the police department. He was informed that Defendant was not currently on duty and that it would not be known until 10:00 p.m. whether he would be working at all. Christian requested to speak with Defendant's supervisor.

A sergeant met with Christian, identified himself as Defendant's supervisor, but stated that he did not know whether Defendant would be on duty that night. Christian told the sergeant that he had legal papers to serve on Defendant. The sergeant stated that Christian could serve Defendant by giving the papers to Julie Risher, the attorney for the department. The sergeant told Christian to go to the front business window of the police department at 9:00 a.m. and ask for Julie Risher.

The following day, November 14, 2002, Christian returned to the police department. Christian told Officer B.E. Gerald, the duty officer that day, that he needed to see Julie Risher and that he had papers he needed to give her. Christian then handed the paperwork to Gerald. Christian states that Gerald then telephoned someone, whom Christian does not know. Gerald indicated in the telephone conversation that someone was at the front window with legal papers to serve on a police officer. Christian then states that Gerald informed him that Risher said she would accept the legal papers for Defendant, that Christian should leave the papers at the front desk, and that she would pick them up later.[1]

---

1. Defendant disputes Christian's version of the events at the front desk. Gerald states that he

Christian informed Earp of the facts surrounding the service of process. Earp then informed Plaintiff on November 14, 2002, of the facts of service and that he believed service to be legally complete. Plaintiff, an attorney licensed for twenty-three years, believed that based on the facts as represented by Earp service of process had been legally effected on a person with apparent appointed capacity to receive service in accordance with the Federal Rules of Civil Procedure.

## DISCUSSION

 Defendant argues that this court lacks personal jurisdiction because the summons and complaint were neither personally served on Defendant nor served on an appointed agent authorized to receive service of process. A motion pursuant to Federal Rule of Civil Procedure 12(b)(5) is the appropriate means for challenging the sufficiency of service of process. *Plant Genetic Sys., N.V. v. Ciba Seeds,* 933 F.Supp. 519, 526 (M.D.N.C. 1996). The plaintiff bears the burden of establishing that the service of process has been performed in accordance with the requirements of Federal Rule of Civil Procedure 4. *Id.* In determining whether the plaintiff has satisfied his burden, the technical requirements of service should be construed liberally as long as the defendant had actual notice of the pending suit. *Karlsson v. Rabinowitz,* 318 F.2d 666, 668–69 (4th Cir.1963). "When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process. But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." *Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc.,* 733 F.2d 1087, 1089 (4th Cir.1984); *see also Tart v. Hudgins,* 58 F.R.D. 116, 117 (M.D.N.C.1972) (observing that a liberal interpretation of process requirements "does not mean . . . that the provisions of the Rule may be ignored if the defendant receives actual notice").

Rule 4(e), which governs the service of process upon individuals located in the United States, provides that service may be accomplished by either (1) delivering a copy of the summons and complaint to the defendant personally or to a person of suitable age and discretion then residing at the defendant's home or usual place of abode or (2) delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. Fed. R.Civ.P. 4(e). Rule 4(e) also provides that service of process may be accomplished pursuant to the law of the state in which the district court sits. *Id.* North Carolina's requirements for service of process are virtually identical for all practical purposes with the requirements of Rule 4. *See* N.C.R. Civ. P. 4(j)(1); *Tart,* 58 F.R.D. at 117.

 It is clear that Defendant was not personally served with the summons and complaint. Plaintiff made numerous attempts to personally serve Defendant but was ultimately unsuccessful. Nor was a copy of the summons and complaint left with a person of suitable age at Defendant's home. Plaintiff attempted to find Defendant's home address but was unsuccessful in this effort. Plaintiff finally attempted to effect service on Defendant by delivering a copy of the summons and complaint to Gerald, the duty officer at the Winston–Salem Police Department, who was then to give the summons and complaint to Risher, the attorney for the department. Neither Gerald nor Risher is Defendant's appointed agent authorized to accept service of process.

Plaintiff contends, however, that these individuals had apparent authority to accept service for Defendant. Plaintiff argues that, based on the representations of Defendant's supervisor that service of process could be made on Risher, it was reasonable to believe Risher was Defendant's authorized agent. Plaintiff also argues that based on Gerald's statement that he would accept the papers and that he had spoken with Risher and she said she would accept service further demon-

---

was told by Christian that he wanted to leave some papers at the front desk for Julie Risher. Gerald states that he was handed a folder and that he never opened the folder or read the papers inside. Gerald did contact Julie Risher's office to ask what he should do with the papers. He states that he never spoke with Risher, but her assistant instructed him to take the papers and she would pick them up later and deliver them to Risher.

strates the apparent authority of Gerald and Risher to accept service of process.

■ Christian may have believed Gerald and Risher were Defendant's authorized agents, but the fact is they were not. Defendant never appointed Gerald or Risher as his authorized agents to receive service of process. Nor did Defendant personally make any representations to that effect. It is clear Defendant has actual notice of the pending suit. While the technical requirements of service of process should be liberally construed when the defendant has actual notice, the requirements of service of process cannot be completely ignored. Service of process cannot be effected upon Defendant by serving at his place of employment individuals who are not authorized to accept service of process. *See Perez Lopez v. Mangome,* 117 F.R.D. 327, 328 (D.P.R.1987) (service on administrative assistant in legal department of police headquarters, who was not appointed agent of policemen, did not constitute effective service); *Calder v. Stanly County Bd. of Educ.,* 2002 WL 31370364, at *3 (M.D.N.C. Sept. 26, 2002) (delivery of envelope containing summons and complaint to defendant's secretary who was not authorized to accept service failed to satisfy technical requirements); *Tart,* 58 F.R.D. at 117 (delivery of copy of summons and complaint to defendant's wife at his place of business failed to meet the requirements of service of process); *Hall v. Lassiter,* 44 N.C.App. 23, 25, 260 S.E.2d 155, 157 (1979) (delivery of summons and complaint to relative at defendants' place of business did not comply with the rules governing service of process).

■ Despite Plaintiff's failure to effect legal service of process on Defendant prior to the expiration of the time allowed, the court will not dismiss Plaintiff's complaint. Rather, the court will grant Plaintiff's motion for an extension of time to effectuate service of process. Rule 4(m) provides that, upon a showing of good cause for the plaintiff's failure to effectuate service of process, the court shall extend the time for service. Fed. R.Civ.P. 4(m). Plaintiff's claims against Defendant are now outside the statute of limitations, and if the court were to dismiss without prejudice Plaintiff's complaint he would be time-barred from re-filing his complaint. The expiration of the statute of limitations period, however, is not sufficient to establish good cause. *Mendez v. Elliot,* 45 F.3d 75, 78 (4th Cir.1995). Rather, to establish good cause, Plaintiff must show that he acted in good faith and demonstrate some form of due diligence in attempting service. 1 James Wm. Moore *et al., Moore's Federal Practice* § 4.82[1] (3d ed.2002).

Plaintiff has demonstrated good cause in this case. Plaintiff hired a professional process server. The process server attempted to ascertain the home address of Defendant but was unable to find Defendant's address from either the telephone directory or the Department of Motor Vehicles. Defendant is a police officer, and safety concerns make it difficult for this type of information to be located. Plaintiff's process servers made multiple attempts to serve Defendant personally at the police department. On each occasion the process server was told Defendant was not on duty. The process server, again because of safety concerns, was not allowed to walk freely through the department looking for Defendant. The process server finally attempted to effectuate service upon Defendant by delivering the summons and complaint to the duty officer who was then to deliver the papers to the department's attorney.

Because of Defendant's position in law enforcement, considerations unique to that position made personal service difficult. Plaintiff reasonably believed that service of process had been made on Defendant's agents. Although Plaintiff is incorrect, he acted in good faith and exercised due diligence in attempting to serve Defendant. Therefore, the court will grant Plaintiff an additional twenty (20) days within which to accomplish service of process on Defendant.

## CONCLUSION

For the reasons set forth in this opinion, the court will deny Defendant's motion to dismiss. The court will grant Plaintiff's motion for an extension of time to accomplish service of process. Plaintiff will have twenty (20) days from the entry of this order within

which to properly serve Defendant. Plaintiff's motion to strike will be denied as moot.

An order in accordance with this memorandum opinion shall be entered contemporaneously herewith.

## ORDER

For the reasons set forth in the memorandum opinion filed contemporaneously herewith,

IT IS ORDERED that Defendant's motion to dismiss [Doc. # 7] is **DENIED.**

IT IS FURTHER ORDERED that Plaintiff's motion for an extension of time to accomplish service of process [Doc. # 17] is **GRANTED,** and Plaintiff shall have twenty (20) days from the entry of this order within which to properly serve Defendant.

IT IS FURTHER ORDERED that Plaintiff's motion to strike [Doc. # 21–2] is **DENIED** as moot.