ALICE CAMARA AND ISATTA CAMARA, PLAINTIFFS v. MUSA GBARBERA, DEFENDANT

No. COA07-1480

(Filed 15 July 2008)

**Statutes of Limitation and Repose— tolling by voluntary dismissal—improper service in original action**

A plaintiff must obtain proper service of process prior to a voluntary dismissal to toll the statute of limitations. In this case, the trial court correctly granted a motion to dismiss a negligence action where personal service was not obtained in the original action; an alias and pluries summons was issued but service was obtained 62 days after issuance rather than within the required 60; another alias and pluries summons was never served; a voluntary dismissal was taken; and the action was refiled with proper service but beyond the statute of limitation.

Appeal by plaintiffs from order entered 27 August 2007 by Judge Timothy Lee Patti in Mecklenburg County Superior Court. Heard in the Court of Appeals 20 May 2008.

*Pamela A. Hunter for plaintiffs.*

*William T. Corbett, Jr., for defendant.*

CAMARA v. GBARBERA

[191 N.C. App. 394 (2008)]

ELMORE, Judge.

Alica Camara and Isatta Camara (together, plaintiffs) and Musa Gbarbera (defendant) were involved in an automobile collision on 21 June 2003 in Charlotte. On 9 June 2006, plaintiffs filed a negligence action against defendant for personal injuries sustained during the accident. Plaintiff issued an alias and pluries summons on 7 September 2006, which was served on defendant on 8 November 2006 via certified mail. On 22 November 2006, plaintiffs issued a subsequent alias and pluries summons that was never served on defendant. Defendant filed a motion to dismiss for insufficiency of process and insufficiency of service or process on 30 November 2006. On 9 February 2007, plaintiffs voluntarily dismissed their action against defendant without prejudice. Plaintiffs re-filed their complaint on 13 March 2007. Plaintiffs issued an alias and pluries summons on 9 June 2007 that was served on defendant on 23 June 2007. Plaintiffs sent a Federal Express package to defendant on 19 July 2007, and it was delivered the following day. On 23 July 2007, defendant filed a motion to dismiss for insufficiency of process, insufficiency of service of process, and because the statute of limitations had expired. On 22 August 2007, plaintiffs issued another alias and pluries summons, which was served on defendant on the same day. On 27 August 2007, the trial judge heard and granted defendant's motion to dismiss the re-filed action.

Plaintiffs argue on appeal that the trial court erred by dismissing plaintiff's complaint "when at the time in which plaintiff [sic] entered its [sic] notice of voluntary dismissal without prejudice pursuant to Rule 41(a) . . . plaintiff [sic] maintained a valid and unexpired summons according to Rule 4." Plaintiffs also argue that the trial court erred by dismissing their complaint "when plaintiff [sic] properly refiled its [sic] action within one year from having taken its voluntary dismissal without prejudice pursuant to Rule 41(a)." We disagree.

Rule 4 provides, in relevant part:

(c) Summons—Return.—Personal service . . . must be made within 60 days after the date of the issuance of summons . . . . Failure to make service within the time allowed or failure to return a summons to the clerk after it has been served . . . shall not invalidate the summons.

(d) Summons—Extensional endorsement, alias and pluries— When any defendant in a civil action is not served within the time

CAMARA v. GBARBERA

[191 N.C. App. 394 (2008)]

allowed for service, the action may be continued in existence . . .
by . . .

> (2) . . . an alias or pluries summons returnable in the same
> manner as the original process. Such alias or pluries sum-
> mons may be issued at any time within 90 days after the
> issuance of the last summons.

* * *

> (j) Personal service, the manner in which the State exercises per-
> sonal jurisdiction, shall be made on a natural person in one of the
> following ways: by delivering a copy of the summons and com-
> plaint to the natural person, by delivering a copy to the persons
> authorized agent, by mailing a copy of the summons and compli-
> ant by registered, certified mail or signature verified mail, or by
> depositing with a delivery service.

N.C. Gen. Stat. § 1A-1, Rule 4 (2007).

Personal service of the original summons in the original action
was never made. Plaintiffs issued an alias and pluries summons
within 90 days after the issuance of the original summons in accord-
ance with Rule 4(d)(2). However, personal service of the alias and
pluries summons was not returned within 60 days in the same man-
ner that service was to be returned in the original service of
process. Defendant was served *62 days after* issuance of the alias
and pluries summons, which rendered the service of process on
defendant insufficient. Plaintiffs contend that the service of the
first alias and pluries summons was valid, but plaintiffs nonetheless
issued another alias and pluries summons, which was never served.
The first alias and pluries summons is the *only* summons in the chain
of summons for which service was ever completed. Plaintiffs relied
on this summons, to their detriment, in the subsequent action. *See
Latham v. Cherry*, 111 N.C. App. 871, 873, 433 S.E.2d 478, 480 (1993)
(("[T]he summons constitutes the means of obtaining jurisdiction
over the defendant . . . . [D]efects in the summons receive *careful
scrutiny* and can prove *fatal* to the action.") (citations omitted)
(emphasis added)).

The statute of limitations for a personal injury allegedly due to
negligence is three years. N.C. Gen. Stat. § 1-52(16) (2007). Under the
statute, plaintiffs had until 22 June 2006 to file an action. If an action
is commenced within the statute of limitations, and a plaintiff volun-

tarily dismisses the action without prejudice, a new action on the same claim may be commenced within one year. N.C. Gen. Stat. § 1A-1, Rule 41(a) (2007). However, a plaintiff must obtain proper service prior to dismissal in order to toll the statute of limitations for a year. *Latham*, 111 N.C. App. at 873, 433 S.E.2d at 480 (interpreting N.C. Gen. Stat. § 1A-1, Rule 41(a)(1)). In *Latham*, this Court held that if a voluntary dismissal is based on defective service, the voluntary dismissal does not toll the statute of limitations. *Id.* at 873, 433 S.E.2d at 480 (citing *Johnson v. City of Raleigh*, 98 N.C. App. 147, 389 S.E.2d 849 (1990), and *Hall v. Lassiter*, 44 N.C. App. 23, 260 S.E.2d 155 (1979)).

Plaintiffs are correct in noting that when a complaint is voluntarily dismissed, a plaintiff is returned to the legal position enjoyed prior to filing the complaint. *Bryant v. Williams*, 161 N.C. App. 444, 446, 588 S.E.2d 506, 507 (2003) (citation omitted); *see also Brisson v. Santoriello*, 351 N.C. 589, 593, 528 S.E.2d 568, 570 (2000) (noting that the effect of a voluntary dismissal is to leave plaintiff where he or she was before the action commenced). However, these cases do not address the effect that a voluntary dismissal without prejudice has on the statute of limitations when service, prior to the dismissal, was defective. *Latham*, however, does provide such instruction. *Latham*, 111 N.C. App. at 873, 433 S.E.2d at 480. Plaintiffs' argument that the subsequent action is valid because it was brought within one year as prescribed by Rule 41(a) does not take into account that proper service on defendant was never obtained prior to the voluntary dismissal. Because the service was defective, the statute of limitations did not toll. Plaintiffs re-filed the negligence action approximately three years and nine months after the incident giving rise to the claim, at which point the three-year statute of limitations had run. In the re-filed action, plaintiffs issued three alias and pluries summonses in addition to the original summons. It is unclear from the record if the final alias and pluries summons issued by plaintiffs on 14 March 2007 was included in the Federal Express package sent to defendant on 20 June 2007. It is certain that service was returned on at least two of the alias and pluries summonses. However, the fact that the summonses in the re-filed action were served properly is of no consequence because plaintiffs' service on defendant in the original action was defective. The defective service in the original action resulted in the subsequent action being brought after the statute of limitations had run.

**CAMARA v. GBARBERA**

[191 N.C. App. 394 (2008)]

For the reasons stated here, we find no error in the proceedings below. We therefore affirm the order of the trial court.

Affirmed.

Judges WYNN and ARROWOOD concur.