An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1060

NORTH CAROLINA COURT OF APPEALS

Filed: 1 April 2014

BARBIE NADINE SAWYER

|                          |                   |
|--------------------------|-------------------|
| V.                       | Perquimans County |
|                          | No. 07 CVS 25     |
| STEPHEN ANTHONY RUIZ     |                   |

Appeal by plaintiff from order entered 25 March 2013 by Judge Cy A. Grant, Sr. in Perquimans County Superior Court. Heard in the Court of Appeals 19 February 2014.

*Joseph H. Forbes, Jr. for plaintiff-appellant.*

*Donald C. Prentiss for defendant-appellee.*

HUNTER, Robert C., Judge.

Plaintiff Barbie Nadine Sawyer appeals the order granting defendant Stephen Ruiz's motion to dismiss after the trial court concluded that plaintiff's action was barred by the statute of limitations. Plaintiff argues on appeal that the trial court erred in granting defendant's motion to dismiss because: (1) plaintiff's voluntary dismissal of her claim entitled her to a one year tolling of the statute of limitations under Rule

41(a)(1); and (2) plaintiff timely served defendant by publication.

After careful review, we affirm the trial court's order.

**Background**

This action arises out of a claim for personal injury damages allegedly sustained by plaintiff in an automobile collision with defendant on 10 December 2000. On 7 April 2003, plaintiff filed suit in Perquimans County Superior Court. Plaintiff attempted to serve defendant by sheriff, but the summons was returned unserved with a notation indicating that defendant no longer lived at the address on the summons and his whereabouts were "unknown."

After the initial summons was returned, plaintiff had the clerk issue twelve alias and pluries summonses at least every 90 days, the last of which was issued on 18 November 2005. Defendant was never served with any of the twelve alias and pluries summonses.

On 8 February 2006, plaintiff filed a voluntary dismissal without prejudice in Perquimans County. On 7 February 2007, within one year of taking the voluntary dismissal, plaintiff refiled her complaint (the "2007 complaint"). Plaintiff did not attempt to serve defendant personally with the 2007 complaint;

instead, plaintiff attempted to serve defendant by publication. Plaintiff filed an affidavit from the newspaper attesting to plaintiff's publication of the notice of service by publication with the trial court. However, plaintiff never filed an affidavit as required by Rule 4(j1) showing the circumstances that warranted the use of service by publication.

On 8 February 2012, defendant's automobile insurer intervened in this action and filed motions to dismiss for lack of jurisdiction and expiration of the three year statute of limitations. The matters came on for hearing on 18 March 2013. At the hearing, plaintiff offered to file the affidavit required by Rule 4(j1), but the trial court denied her request.

On 25 March 2013, the trial court granted defendant's motion to dismiss for failure to obtain personal jurisdiction over defendant and expiration of the three-year statute of limitations. Plaintiff timely appealed.

**Arguments**

Plaintiff first argues that the trial court erred in granting defendant's motion to dismiss because she was entitled to a one year tolling of the statute of limitations under Rule 41(a)(1) after filing the voluntary dismissal. Accordingly, since she filed the 2007 complaint within one year of the

voluntary dismissal, her claim was not barred by the statute of limitations. We disagree.

Rule 41(a)(1) provides in relevant part that: "If an action commenced within the time prescribed therefor, or any claim therein, is dismissed without prejudice under this subsection, a new action based on the same claim may be commenced within one year after such dismissal." N.C. Gen. Stat. § 1A-1, Rule 41(a)(1) (2013). However, this Court has limited the application of Rule 41(a)(1) to those cases in which proper service has been accomplished prior to a plaintiff filing a voluntary dismissal. Specifically, in *Hall v. Lassiter*, 44 N.C. App. 23, 26-27, 260 S.E.2d 155, 157 (1979), this Court held that a voluntarily-dismissed suit based on defective service does not toll the statute of limitations under Rule 41(a)(1). Later cases have held that not only does defective service prevent the tolling of the statute of limitations under Rule 41(a)(1), but also that "a plaintiff must obtain proper service prior to dismissal in order to toll the statute of limitations for a year" under Rule 41(a)(1). *Camara v. Gbarbera*, 191 N.C. App. 394, 397, 662 S.E.2d 920, 922 (2008); *Lawrence v. Sullivan*, 192 N.C. App. 608, 621, 666 S.E.2d 175, 182 (2008). In other words, our caselaw is clear that a plaintiff is not entitled to the one

year tolling under Rule 41(a)(1) if service of the defendant was defective or did not occur at all.

Plaintiff argues that subsequent cases have misinterpreted the holding in *Hall* and asks us to "overrule" them. However, "a panel of the Court of Appeals is bound by a prior decision of another panel of the same court addressing the same question, but in a different case, unless overturned by an intervening decision from a higher court." *See In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989). As a result, we are bound by *Camara* and *Lawrence* where this Court held that a plaintiff who does not serve a defendant prior to taking a voluntary dismissal is not entitled to the one year tolling of the statute of limitations under Rule 41(a)(1).

Here, since it is undisputed that plaintiff never served defendant prior to taking the voluntary dismissal, plaintiff was not entitled to a one year tolling of the statute of limitations under Rule 41(a)(1). Consequently, the statute of limitations ran on her action 10 December 2003, three years after the accident, prior to her filing the 2007 complaint. Although plaintiff kept her original action alive by having alias and pluries summonses issued every 90 days, her filing of the voluntary dismissal discontinued her action; when she refiled

her complaint over six years after the incident giving rise to the claim, the three-year statute of limitations had run. Therefore, the trial court did not err in dismissing her 2007 complaint based on the statute of limitations.

Plaintiff next argues that she properly served defendant with the 2007 complaint by publication. However, as discussed, the statute of limitations ran on her action prior to filing the 2007 complaint. Accordingly, we need not address this argument on appeal.

## Conclusion

For the following reasons, we affirm the trial court's order.

AFFIRMED.

Judges GEER and McCULLOUGH concur.

Report per Rule 30(e).