**Elizabeth PEREZ LOPEZ and Angel Luis Rosa Perez, Plaintiffs,**

v.

**Juan MANGOME, Hector Urdaneta, et al., Defendants.**

**Civ. No. 86–1323 HL.**

United States District Court, D. Puerto Rico.

Oct. 8, 1987.

---

Francisco M. Dolz-Sánchez, San Juan, P.R., for plaintiffs.

Doris Quiñones Tridas, Fed. Litigation Div., Dept. of Justice, San Juan, P.R., John F. Nevares, Fed. Litigation Div., P.R. Dept. of Justice, for defendants Carlos J. Feliciano, Jorge L. Collazo and Andrés García Arache.

### ORDER

LAFFITTE, District Judge.

Plaintiffs move the Court for entry of default as to codefendants Juan Mangomé, Héctor Urdaneta, Víctor Trinidad, and Víctor Soto on the ground that they were served on December 9, 1986 and have neither answered the complaint nor filed an appearance.

At the outset it should be noted that the effectiveness of service under F.R.C.P. 4(d)(1) is to be measured by reference to federal law. *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). Rule 4 prescribes seven different methods for effecting service. In this case plaintiffs opted to serve defendants "by leaving copies thereof at the individual's dwelling house or usual place of abode."[1] In the return of service it appears that each defendant was served by leaving copies of the summons and complaint with Inés Piñero, Administrative Assistant of the Legal Division at the 9th floor of the General Police Headquarters in Hato Rey. The server stated that he left copies of the summons and complaint with Inés Piñero at "the defendants' dwelling house or usual place of abode."

 The issue, then, is whether the place of employment of defendants, who are police officers, qualifies as their dwelling house or usual place of abode for the purpose of service of process. The Court holds that it does not. *See* 4A Wright & Miller, *Federal Practice and Procedure*, Sect. 1096. Neither can we find that service on the administrative assistant of the Police Department Legal Division qualifies as effective service under the "agent authorized by appointment or by law to receive service" method. Plaintiffs have presented no evidence that the administrative assistant has been authorized, either by law or by defendants, to receive service on their behalf. *Lamont v. Haig*, 539 F.Supp. 552 (D.C.S.D.1982).

When the requirements of Rule 4(d)(1) are not complied with, as in this case, a default judgment predicated thereon is inefficient and amenable to be set aside.

WHEREFORE, plaintiffs' motion to enter defendants' default is hereby DENIED.

IT IS SO ORDERED.

---

**1.** Puerto Rico Civil Procedure Rule 4.4(a), patterned after F.R.C.P. 4(d)(1), was amended in 1979 to delete the dwelling house or usual place of abode method of service. *See* 32 L.P.R.A. App. III R. 4.4(a).