Peter A. BOATENG, et al., Plaintiffs,

v.

**INTER AMERICAN UNIVERSITY of P.R., et al., Defendants.**

No. Civ 99–1295(JP).

United States District Court, D. Puerto Rico.

May 13, 1999.

Peter A. Boateng, San Germán, P.R., plaintiff pro se.

Alberto G. Estrella, William Estrella Law Offices, San Juan, P.R., for defendant.

## OPINION & ORDER

PIERAS, Senior District Judge.

### I. INTRODUCTION

Before the Court is Defendants' Special Appearance Requesting Quashing of Summons and Request for Extension of Time to Answer Complaint or File Responsive Pleading as to Co–Defendants Suzanne Laforet and Juan A. Aponte (**docket No. 5**); Special Appearance Requesting Quashing of Summons as to Co-defendant Amari Arabia (**docket No. 6**); Special Appearance in Opposition of Entry of Default and Motion to Quash Summons to Co–Defendant Alice Bassat (**docket No. 9**) (collectively, "Motion to Quash"); Plaintiffs' Opposition to Motion to Quash Summons (docket No. 11); and Plaintiffs' Motion for the Entry of Default Pursuant to Rule 55 of the Federal Rules of Civil Procedure (**docket No. 10**). Plaintiffs Peter A. Boateng and Mabel B. Boateng appear pro se and file the instant action alleging that Defendants discriminated against Peter A. Boateng. Defendants are the Inter American University of Puerto Rico ("IAU") and nine individuals, who are members of the faculty, administration, or the student body

of IAU. Because the factual background of this case is not determinative of the Court's ruling of the Motion at bar, the Court shall only address the procedural background of the case.

### II. DISCUSSION

Plaintiffs filed the Complaint at issue on March 23, 1999 and proceeded to serve Defendants: The Inter American University of Puerto Rico ("IAU") through its President José R. Gonzǎlez ("Gonzǎlez"); Juan Anibal Aponte ("Aponte"); Francisco Javier Flores ("Flores"); Alice Bassat ("Bassat"); Benito Martínez ("Martínez"); Nyvia Alvarado ("Alvarado"); Margie Cruz ("Cruz"); and Amari Arabia ("Arabia").[1] The Parties agree that Aponte and Laforet were personally served and are within the jurisdiction of the Court. Therefore, the Court considers the service of Defendants Gonzǎlez, Flores, Martínez, Alvarado, Cruz, Bassat, Arabia ("Movants"). Plaintiffs served Movants, by leaving copies of the Complaint and summons with the Chancellor of their campus.[2]

■ Although not stated in the motions at bar, Movants' request to quash is filed pursuant to Fed.R.Civ.P. 12(b)(4) and 12(b)(5). Rather than outright dismissal of a complaint, these rules offer the Court the option of quashing deficient service. *See Stevens v. Security Pacific National Bank,* 538 F.2d 1387, 1389 (9th Cir.1976). Because Movants do not seek the dismissal of the Complaint, the Court treats their motion as one seeking the quashing of service. A party filing a motion under Rule 12(b)(4) or Rule 12(b)(5) is essentially contesting the manner in which process or service of process was performed. Therefore, the Court refers to the rules governing service of process.

1. The Defendants appearing in the motions at bar are José R. Gonzǎlez, Francisco Flores, Benito Martínez, Nyvia Alvarado, Margie Cruz, Suzanne Laforet, Juan Aponte, Alice Bassat, and Amari Arabia. Because Defendant Dalmid Correa Gonzǎlez does not address the Court on the issue of service, the Court's ruling shall apply only as those Defendants who joined the Motion to Quash.

2. According to the Return of Service portion of the summons addressed to Amari Arabia, the process server left a copy of the summons and the Complaint with Vilma Colón, chancellor of IAU's Ponce Campus. Service on all other Movants, except Gonzǎlez, was attempted by leaving a copy of the summons and the Complaint with Agnes Mojica, the chancellor of IAU's San Germán Campus. Such difference will not affect the Court's analysis and, therefore the Court shall not distinguish between the San Germán group and Arabia.

28

Rule 4(e) of the Federal Rules of Civil Procedure governs service upon individuals, and therefore, this rule guides a substantial part of the Court's analysis. In relevant part, Rule 4(e) states that:

> service upon an individual from whom a waiver has not been obtained ... may be effected in any judicial district of the United States ... (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling or usual place of abode with some person of suitable age and discretion residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

The Court begins with Rule 4(e)(1), which allows service pursuant to the law of the state where the District Court is located. Under the laws of Puerto Rico, process upon an individual of legal age must be served on the individual himself. *See* P.R.Laws Ann. 32 App. III R 4.4(e). An individual defendant cannot be served by leaving a copy with a person of suitable age or discretion residing at the defendant's dwelling or usual place of abode. The service at issue was not upon Movants personally, and further, the Puerto Rico Rules of Civil Procedure requires serving the individual defendants personally. Therefore, the Court will determine whether service complied with Fed.R.Civ.P. 4(e)(2), which provides for service of a defendant "by leaving copies of service and the Complaint at the defendant's dwelling or usual place of abode with some person of suitable age and discretion residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process."

■ Plaintiffs state that they served Movants by leaving copies of the summons and Complaint at their "*workplace* or usual place of abode .... where all professors usually come to stay and spend most of their time to teach and perform their academic duties." (Pls' Opp'n Mot. Quash Summons at ¶¶ 2 & 3 (emphasis added)). Plaintiffs acknowledge, as is evident in the returns of service, that service was performed at Movants' workplace, IAU's San Germán campus. Therefore, when Plaintiffs state that they served Movants at their "workplace or usual place of abode," they mean that Movants' workplace is their usual place of abode because they stay and spend most of their time there. (Pls' Opp'n Mot. Quash Summons at ¶ 3). Plaintiffs contend that a person's place of abode is the place where such person spends most of his or her time. Therefore, the Court must determine whether Movants' workplace can be characterized as their dwelling place or usual place of abode in accordance with Fed.R.Civ.P. 4(e)(2).

■ It is well settled that an individual's dwelling place or usual place of abode is the person's home, not his workplace. *See Pérez López v. Mangome,* 117 F.R.D. 327, 328 (D.Puerto Rico 1987) (holding that a defendant's place of employment does not qualify as a dwelling or usual place of abode); *Gipson v. Bass River,* 82 F.R.D. 122, 125 (D.N.J. 1979); 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1096 n. 9 (2d ed.1987) (stating that "defendant's place of employment will not qualify" as a dwelling or place of abode).

Further, the Court finds that the wording of Rule 4(e)(2) sheds some light on the conclusion that dwelling place or usual place of abode refers to a home and not a place of employment. The rule requires that if a third person is to receive a summons and complaint at the defendant's dwelling or usual place of abode, such individual must be "residing" at that location. The use of the word "residing" indicates that a dwelling or place of abode refers to a place suitable for living, or a home. Therefore, the Court concludes that a person's place of employment is not a dwelling place or usual place of abode, and therefore, service cannot be performed in accordance with Fed.R.Civ.P. 4(e)(2) by leaving a copy of the summons and complaint with a third party at the defendant's workplace.

■ Service, however, can comport with Fed.R.Civ.P. 4(e)(2) by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. The Court knows of no local or federal law which authorizes university chancellors to receive process for professors in their universities, as is the case here, nor have the parties cited to any relevant statute. Thus, service on Movants can only survive if the Chancellor was appointed to receive services of process. The parties have not made any reference to such appointment and, absent any allegations, the Court will not assume that such appointment was made. Therefore, the Court will not consider service to be proper by leaving copies of the complaint and the summons with the Inter American University campus chancellor. In view of the above discussion, the service of Movants Flores, Martínez, Alvarado, Cruz, Bassat, and Arabia is inefficient and therefore quashed. Thus, for the Complaint to prosper against Movants Flores, Martínez, Alvarado, Cruz, Bassat, and Arabia, Plaintiffs must serve them with process pursuant to the Rules of Civil Procedure.

■ As to José R. González, President of IAU, the Court's analysis is different. González appears in the summons as the individual who will receive service on behalf of Defendant IAU, and not as a party. Further, the Complaint does not mention González as a party, rather, IAU is the named defendant. Therefore, the Court shall proceed to determine whether IAU was properly served.

According to Plaintiffs, González's secretary did not allow the process server to enter González office to serve him. Faced with this obstacle, the process server left the copies of the summons and Complaint with González's secretary who allegedly handed the documents to González. González acknowledges having received a copy of the complaint and the summons, but indicates that such documents were left at his workplace with a third party. The Court does not find that the slightly different versions regarding service will affect its analysis. The Court shall rely on the sworn return of service which states that on April 8, 1999, process server Robert Segarra Hermida left a copy of the Complaint and the summons at González's office with his secretary. (docket No. 4). In view of these facts, the Court shall determine whether a university can be served by leaving a copy of summons and complaint at the office of the university's president with his or her secretary.

Fed.R.Civ.P. 4(h), which governs service upon corporations and associations, guides the Court's analysis. Rule 4(h)(1) allows service to be performed pursuant to the law of the state in which the district court is located. Therefore, the Court looks to Puerto Rico law as it relates to serving corporations and associations. There are two relevant sources in Puerto Rico law which govern service upon corporations: Rule 4.4(e) of the Puerto Rico Rules of Civil Procedure and the Puerto Rico Law on Corporations. Under Rule 4.4(e) of the Puerto Rico Rules of Civil Procedure, "a corporation, company, partnership, association or any other artificial person, [may be served] by delivering a copy of the summons and of the complaint to an officer, managing or general agent, or to any other agent authorized by appointment or designated by law to receive service of process."

Furthermore, the Puerto Rico Law on Corporations addresses and describes in further detail the requirements for properly serving process on a corporation. It states that

> [s]ervice of legal process upon any corporation organized in [Puerto Rico] shall be made by personally delivering a copy of the process to any officer or director of the Corporation in [Puerto Rico], or by leaving it at the dwelling place or usual place of abode of any officer, director or registered agent ... [in Puerto Rico] or at the registered office *or other place of business of the corporation in [Puerto Rico]....* Service of process by copy left at ... other place of business of the corporation in the Commonwealth, to be effective, must be delivered in the presence of an adult at least six (6) days before the date of the scheduled judicial proceeding and the officer serving the process shall distinctly

state the manner of service in the notification thereof.

P.R.Laws Ann. tit. 14 § 3126 (emphasis added).

Service on IAU was performed by leaving copy of the Complaint and summons at its president's office located at IAU's central offices in Río Piedras. The Court finds that if IAU is a corporation organized under the laws of Puerto Rico, such service satisfies the statute quoted above governing service upon a corporation. The Court further finds that the office of a university's president qualifies as a "place of business of [a] corporation." See The Bank and Trust of Puerto Rico v. Santurce Mortgage Broker Corporation, No. KLAN9601072, 98 JTA 552 (Puerto Rico Circuit Court of Appeals June 19, 1998) (finding that serving defendant mortgage company by serving one of its accounting office employees complied with serving the corporation properly). The parties have not provided any arguments to the contrary. In addition, service was delivered well before six days of any judicial proceeding, and the process server details in the return of service the manner of service, namely leaving the relevant documents with González's secretary at President's office.

The Court finds that if the IAU is a corporation organized under the laws of Puerto Rico, service was proper. Thus, Defendant IAU shall notify the Court within **five working days of the entry of this Order** whether it is a corporation organized under the laws of Puerto Rico, and if not, it shall inform the Court the type of entity it is, and under what state's laws is it organized.

■ Defendants Aponte and Laforet have requested an extension to of time to answer the Complaint until the other Co-defendants are properly served. Such request is hereby **DENIED.** Defendants Aponte and Laforet were served on April 7, 1999 and April 8, 1999, respectively. A Defendant has twenty days to answer or otherwise plead from the time he is served. See Fed.R.Civ.P. 12(a)(1)(A). Defendants Aponte and Laforet do not raise any arguments as to why the Court should allow them to wait until the rest of the Defendants are properly served. Further, Aponte and Laforet do not set forth

any argument which states that an improper service of one defendant tolls or suspends the clock for answering or otherwise pleading for those defendants who were properly served. Thus, Defendants Aponte and Laforet shall answer or otherwise plead within **twenty calendar days of the entry of this Order.**

■ Finally, Plaintiffs ask that default be entered against Co–Defendant Bassat. According to Plaintiffs, because Bassat was served on April 5, 1999 and had failed to answer or otherwise plead within twenty days after such service, the Court, pursuant to Fed.R.Civ.P. 55(a), should enter Bassat's default. Insufficient service of process cannot support the entry of Bassat's default, even if she has actual notice of the action, because the Court has not yet acquired personal jurisdiction over the defendant. See Mason v. Genisco Technology Corp., 960 F.2d 849, 851 (9th Cir.1992); Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc., 840 F.2d 685, 688 (9th Cir. 1988). Therefore, Plaintiffs' Motion for the Entry of Default Pursuant to Rule 55 of the Federal Rules of Civil Procedure is hereby **DENIED.**

## III. CONCLUSION

In view of the above, the Court hereby: **QUASHES** service on Defendants Flores, Martínez, Alvarado, Cruz, Bassat, and Arabia; **ORDERS** IAU to inform the Court within **five working days of the entry of this Order** whether it is a corporation organized under the laws of Puerto Rico, and if not to state what type of an entity it is and under which laws is it organized; **ORDERS** Defendants Aponte and Laforet to answer or otherwise plead within **twenty calendar days of the entry of this Order;** and **DENIES** Plaintiffs' Motion for the entry of Bassat's default.

**SO ORDERED.**