**Luis R. GONZALEZ Plaintiff**

v.

**THE RITZ CARLTON HOTEL COMPANY OF PUERTO RICO, et al. Defendants**

No. 01–2429(SEC).

United States District Court, D. Puerto Rico.

Jan. 23, 2003.

Luis F. Del Valle–Emmanuelli, Donna A. Maldonado, García & Fernández, San Juan, PR, for Plaintiffs.

James W. McCartney, Cancio, Nadal Rivera & Díaz, San Juan, PR, Manuel Porro–Vizcarra, Guynabo, PR, for Defendants.

**OPINION AND ORDER**

CASELLAS, District Judge.

Before the Court is Defendant Caribbean Casino Management's (CCM) motion to dismiss for lack of subject matter jurisdiction and insufficiency of process and service of process (Docket #17). Plaintiff has duly opposed said motion (Docket #22), and Defendant has filed a reply (Docket #28). Having considered the parties' arguments, the Court will **GRANT** Defendant's motion.

**Failure to Exhaust Administrative Remedies**

■ In general terms, a defendant may move to dismiss an action for lack of subject matter jurisdiction pursuant to Fed. R.Civ.P. 12(b)(1). In this case, Defendant is claiming that the allegations in the complaint are facially insufficient to establish this Court's jurisdiction over the claims. In this type of jurisdictional challenge, "the standard applied to a 12(b)(1) motion is similar to the standard applied to a 12(b)(6) motion, namely, the court must take all of plaintiff's allegations as true and must view them, along with all reasonable inferences therefrom, in the light most favorable to plaintiff." *Freiburger v. Emery Air Charter, Inc.*, 795 F.Supp. 253, 257 (N.D.Ill., 1992). *See also Hart v. Mazur*, 903 F.Supp. 277 (D.R.I.1995) ("Motions under Rule 12(b)(1) and Rule 12(b)(6) are subject to the same standard of review.")

Defendant argues that Plaintiff's ADEA claim against it should be dismissed for failure to exhaust the relevant administrative remedies. The doctrine of exhaustion of administrative remedies is well established in federal and local jurisprudence. The doctrine provides that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted. An ADEA plaintiff must file a timely charge with the Equal Employment Opportunity Commission (EEOC), as a prerequisite to filing suit in federal court. 29 C.F.R. §§ 1626.1–1626.19. In *Siaca v. Autoridad de Acueductos y Alcantarillados de Puerto Rico,* 160 F.Supp.2d 188, 194–195 (D.P.R.2001), this Court stated:

> The ADA, ADEA and Title VII mandate "compliance with the administrative procedures specified in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e." *Bonilla v. Muebles J.J. Alvarez, Inc.,* 194 F.3d 275, 277 (1st Cir.1999). "[S]uch compliance must occur before a federal court may entertain a suit that seeks recovery for an alleged violation [under the ADA, ADEA and Title VII]."

Regarding the importance of exhausting administrative requirements in our judicial system, the Court of Appeals has expressed that:

> The exhaustion requirement serves four primary purposes in granting authority to the agency by discouraging the "frequent and deliberate flouting of administrative processes [that] could ... encourag[e] people to ignore its procedures." Second, it protects agency autonomy by allowing the agency the opportunity in the first instance to

apply its expertise, exercise whatever discretion it may have been granted, and correct its own errors. Third, it aids judicial review by allowing the parties and the agency to develop the facts of the case in the administrative proceeding. Fourth, it promotes judicial economy by avoiding needless repetition of administrative and judicial fact finding, and by perhaps avoiding the necessity of any judicial involvement at all if the parties successfully vindicate their claims before the agency.

*Andrade v. Lauer*, 729 F.2d 1475 (D.C.Cir. 1984) (citations omitted). Given its equitable nature, the doctrine of exhaustion of administrative remedies must be applied in view of the statutes applicable in each case, and of the doctrine's underlying purpose. *See Patsy v. Board of Regents of the State of Florida*, 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982).

 The Age Discrimination in Employment Act (ADEA) specifically provides that an ADEA charge made at the EEOC should contain the name and address of the person against whom the charge is made. 29 C.F.R. §§ 1626.8(b) and 1626.6. In accordance with this principle, this Court has held that the general rule is that a person or party not named in an EEOC charge is not subject to suit. *Adorno–Rosado v. Wackenhut Puerto Rico, Inc.*, 98 F.Supp.2d 181 (D.P.R.2000). In the case before us, Plaintiff has failed to exhaust all administrative remedies, because he did not, at any time, name CCM or mention it in the narrative section of his EEOC charge as a party responsible for the alleged acts of age discrimination against him.

The case law is consistent in interpreting the necessity of complying with the exhaustion requirement prior to the filing of suits based on alleged labor discrimina-tion. The purpose of requiring the filing of an administrative claim for discrimination is to provide defendants with "prompt notice of claims and to create an opportunity for early conciliation." *Lattimore v. Polaroid Corp.*, 99 F.3d 456, 464 (1st Cir. 1996); *see also Siaca*, 160 F.Supp.2d at 195. Furthermore, as stated by the Supreme Court in *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984):

> Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants. As we stated in *Mohasco Corp. v. Silver*, 447 U.S. 807, 826, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980), "[i]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law."

Such compliance with the administrative exhaustion prerequisite must occur **before** a federal court may entertain a suit that seeks recovery for an alleged violation of federal law. *Castro Ortiz v. Fajardo*, 133 F.Supp.2d 143 (2001), *quoting Bonilla*, 194 F.3d 275.

 Plaintiffs, however, argue that their ADEA cause of action against CCM should not be dismissed, because there is a substantial identity between CCM and Co-defendant The Ritz Carlton Hotel of Puerto Rico, who was included as a party to the administrative action. In *Sedlacek v. Hach*, 752 F.2d 333, 336 (8th Cir.1985) the Court of Appeals determined that one exception to the general rule that a complainant must file a charge against a party with the EEOC before she can sue that party was applicable when "substantial identity" existed between the parties brought before the EEOC and the ones brought to the trial court. This substan-

tial identity exists when the parties are "engaged in close legal relationship," *Stevenson v. International Paper Co.*, 432 F.Supp. 390, 395 and 397–98 (W.D.La. 1977), or when corporate parties are so closely related in their activities and management as to constitute an integrated enterprise, *EEOC v. Upjohn Corp.*, 445 F.Supp. 635, 638 (N.D.Ga.1977). In *Sedlacek*, the district court held that the partnership employing the plaintiff and its related corporation, were a "single employer" for jurisdictional purposes. In that case, the two partners in the partnership were the primary owners and managers of the corporation. The court pointed out the common management and ownership of the defendants, and held that there was thus "substantial identity" between the defendants. The Court found that, due to the substantial identity between the defendants, Sedlacek's failure to name one of the co-defendants in the EEOC charge did not deprive the district court of jurisdiction.

In *Hernández Torres v. Intercontinental Trading, Ltd.*, 1994 WL 752591, 1994 U.S. Dist. Lexis 19630 (D.P.R.1994), a case cited by Plaintiff in support of his argument regarding the existence of "substantial identity," one of the co-defendants, Mars, moved the Court to dismiss the complaint for failure to state a claim. The only allegation in the complaint against Mars was that another co-defendant was wholly owned by Mars. The Court held that, even though it was plausible that parent corporations could be held liable under Title VII in some cases[1], the plaintiff's allegations failed to "adequately specify the factual connections between parent and subsidiary" in the complaint, and dismissed the complaint against Mars.

Applying the same principles adopted by the Court in *Hernández Torres* to the facts of this case, we find that Plaintiff wholly failed to "adequately specify the factual connections" between CCM and The Ritz Carlton Hotel of Puerto Rico. Thus, his plain and conclusory allegation, brought forth belatedly in the opposition to the motion to dismiss, of "substantial identity," falls short of the mark.

As to his failure to exhaust administrative remedies, *Hernández Torres* cannot be interpreted in a way which would help Plaintiff's cause. In that case, Mars had also moved to dismiss the action because the plaintiff had not named Mars in its administrative charge. The Court did not rule on Mars's argument, because it had already dismissed it from the action based on the lack of factual specificity. Plaintiff's argument of "substantial identity" was as infirm in *Hernández Torres* as it is in the case at bar.

Simply stated, there is no allegation in the complaint, nor in Plaintiff's opposition to the motion to dismiss, that justifies the conclusion that CCM and The Ritz Carlton Hotel of Puerto Rico were identical or similar entities. In fact, the conclusory and unsubstantiated allegation of "substantial identity" presented in the opposition to the motion to dismiss is missing in both the original and the amended complaint. Even construing the complaint, as we must for the purposes of this motion to dismiss, in the light most favorable to Plaintiff, there is no allegation that justifies Plaintiff's attempt to prosecute its action against a party not named, or even mentioned, in the EEOC charges. Therefore, Plaintiff's ADEA cause of action against

---

**1.** For example, when the entities (parent-subsidiary) were interrelated, or when there was common management, or centralized control of labor relations, or common ownership, or when the parent-subsidiary relationship was a sham, or when the parent controlled the subsidiary in such a fashion that the subsidiary was the parent's agent.

CCM must be **DISMISSED WITH PREJUDICE**.

### Insufficiency of Process and Service of Process

Having dismissed the cause of action under ADEA, there still remain pending the causes of action under Commonwealth Laws 80 and 100. CCM argues that these claims should also be dismissed under Fed. R.Civ.P. 12(b)(4) and 12(b)(5), because Plaintiff has failed to adequately serve process to CCM under Fed.R.Civ.P. 4.

The scope of Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure was interpreted in *Boateng v. Inter American University of Puerto Rico*, 188 F.R.D. 26 (D.P.R.1999). In that case, the court pointed out that "[a] party filing a motion under Rule 12(b)(4) or Rule 12(b)(5) is essentially contesting the manner in which process or service of process was performed. Therefore, the Court refers to the rules governing service of process." *Id.* at 27.

Rule 4(h), which governs service upon corporations and associations, guides the Court's analysis in this case. *Id.* Rule 4(h)(1) allows service to be performed pursuant to the law of the state in which the district court is located. Therefore, the Court looks to Puerto Rico law as it relates to serving corporations and associations. There are two relevant sources in Puerto Rico law which govern service upon corporations: Rule 4.4(e) of the Puerto Rico Rules of Civil Procedure and the Puerto Rico Law on Corporations. *Id.* Under Rule 4.4(e) of the Puerto Rico Rules of Civil Procedure, "a corporation, company, partnership, association or any other artificial person, [may be served] by delivering a copy of the summons and of the complaint to an officer, managing or general agent, or to any other agent authorized by appointment or designated by law to receive service of process."

Furthermore, the Puerto Rico Law on Corporations addresses and describes in further detail the requirements for properly serving process on a corporation. It states that [s]ervice of legal process upon any corporation organized in [Puerto Rico] shall be made by personally delivering a copy of the process to any officer or director of the Corporation in [Puerto Rico], or by leaving it at the dwelling place or usual place of abode of any officer, director or registered agent ... [in Puerto Rico] or at the registered office or other place of business of the corporation in [Puerto Rico] ....

*Id.* at 29–30.

As stated in the motion to dismiss, on November 27, 2001, Plaintiff served Co-defendant The Ritz Carlton Hotel of Puerto Rico through FGR Corporate Services, Inc. (FGR), its resident agent in Puerto Rico authorized to receive legal process documents. Plaintiff also attempted to serve CCM through the same agent. The summons addressed to CCM and received by FGR, however, was returned to Plaintiff's attorney on November 28, 2001 because FGR was not authorized to receive service on its behalf. Plaintiff's failure to properly serve Co-defendant CCM continues until today.

■ Pursuant to Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure, this Court has broad discretion to dismiss at any time a complaint as to nonresident defendants who have not been served with process. *Picking v. Pennsylvania R. Co.*, 151 F.2d 240 (3rd Cir.1945). When attempted service of process does not grant jurisdiction over a foreign corporation, and when it does not appear likely that service can be made upon a foreign corporation within the district, dismissal of the complaint is appropriate. *Jones v.*

*Motorola, Inc.,* 186 F.2d 707 (2d Cir.1951). *See also National Expositions, Inc. v. Du-Bois,* 97 F.R.D. 400 (1983) (where record contained no fact which might support reasonable prospect of plaintiffs being able to serve nonresident defendants adequately with process, action would be dismissed as to such defendants for insufficiency of service). In the absence of valid service of process, this Court is unable to exercise its jurisdiction over Defendant, and as such, the remaining Commonwealth law causes of action against CCM must be **DISMISSED WITHOUT PREJUDICE.**

### Conclusion

For all the reasons discussed above, the ADEA claim against CCM will be **DISMISSED WITH PREJUDICE,** and all the Commonwealth law claims against CCM will be **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED.**