**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-2219

JOYCE E. PATTERSON, as Administratix of the Estate of
Yolanda Evett Patterson Hemphill,

Plaintiff – Appellant,

v.

D. WHITLOCK; TERRY SULT; CITY OF GASTONIA; JENNIFER STULTZ;
GASTON COUNTY; ALAN CLONINGER; JAN WINTERS; GASTON COUNTY
EMERGENCY MANAGEMENT SERVICES; WATSON INSURANCE AGENCY,

Defendants – Appellees.

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Martin K. Reidinger,
District Judge.  (3:06-cv-00476-MR-CH)

Argued:  May 11, 2010              Decided:  August 23, 2010

Before MOTZ, KING, and DUNCAN, Circuit Judges.

Dismissed in part, reversed in part, and remanded by unpublished
per curiam opinion.

**ARGUED**: Pamela Anne Hunter, Charlotte, North Carolina, for
Appellant.  Martha Raymond Thompson, STOTT, HOLLOWELL, PALMER &
WINDHAM, Gastonia, North Carolina, for Appellees.  **ON BRIEF**:
James C. Windham, Jr., STOTT, HOLLOWELL, PALMER & WINDHAM,
Gastonia, North Carolina; Robert D. McDonnell, LAW OFFICE OF
ROBERT MCDONNELL, Charlotte, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In August 2006, appellant Joyce E. Patterson filed this civil action in North Carolina state court on behalf of her deceased daughter's estate. Following removal of the action to the Western District of North Carolina, the district court dismissed Patterson's thirty-eight-count complaint (the "Complaint") for insufficient process. In relevant part, the court deemed process to be insufficient on the ground that she had served the defendants with incomplete copies of the Complaint. As explained below, because the pertinent defendants waived any such challenge to the sufficiency of process, we reverse in part and remand.[1]

I.

A.

As alleged in the Complaint, Patterson's daughter — Yolanda Evett Patterson Hemphill — was shopping at a mall in Gastonia, North Carolina on August 20, 2004. While waiting to meet a

---

[1] Of the nineteen defendants named in the Complaint, Patterson identified nine of them as adverse parties in this appeal. We dismiss those aspects of the appeal pertaining to two of those nine parties — Gaston County Emergency Management Services and Watson Insurance Agency — because Patterson failed to include any contentions relevant to them in her opening brief. See Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (citing Fed. R. App. P. 28(a)(9)(A)).

friend in the mall parking lot, Hemphill was approached and then pursued by security guards. One of the guards grabbed Hemphill's hair, forced her to the ground, and shoved his knee in her face. Hemphill complained that she was having difficulty breathing and asked to be released. The security guards refused, instead detaining Hemphill until Gastonia police officers arrived. Once on the scene, the officers determined that Hemphill required medical assistance, and they called for the Gaston County paramedics.

Patterson alleges that, because it was near the end of their shift, the paramedics did not fully attend to Hemphill. Rather, the police officers transported her to the Gaston County Jail, where Hemphill continued to complain about difficulty breathing. After her arrival at the jail, Hemphill fell to the floor and began foaming at the mouth. The authorities then transported Hemphill to Gaston Memorial Hospital, where she was pronounced dead upon arrival.

B.

On August 21, 2006, Patterson filed the Complaint on behalf of her daughter's estate in the Superior Court for Gaston County. The Complaint alleged multiple tort claims arising from Hemphill's death, as well as civil rights claims predicated on the state and federal constitutions and 42 U.S.C. § 1983. Named as defendants were, inter alia, Gaston County; Gaston County

4

Sheriff Alan Cloninger, individually and in his official capacity; and County Manager Jan Winters, individually and in his official capacity (collectively, the "County Defendants"). Other defendants included the City of Gastonia; City police officer D. Whitlock, individually and in his official capacity; City Chief of Police Terry Sult, individually and in his official capacity; and City Mayor Jennifer Stultz, individually and in her official capacity (collectively, the "City Defendants"). This appeal implicates Patterson's claims against these two categories of defendants only: the County Defendants and the City Defendants (collectively, the "Defendants").

C.

1.

On November 16, 2006, the County Defendants made a special appearance in state court and moved to dismiss the Complaint on the basis of, inter alia, insufficient service of process.[2] That same day, the County Defendants — with the other defendants' consent — timely removed the action to the Western District of North Carolina, asserting federal question and supplemental jurisdiction. The County Defendants' notice of removal

---

[2] Although Patterson endeavored to serve state court process in October 2006, it is now undisputed that she did not serve the Defendants in accordance with North Carolina law while the action was pending in the state court.

5

contained a complete copy of the Complaint. Six days later, on November 22, 2006, the City Defendants separately removed the action to federal court, notwithstanding that it had already been removed.[3] Although the City Defendants made no reference to an incomplete Complaint, the copy included in their notice of removal omitted pages 11 through 26.

On December 29, 2006, the County Defendants moved to dismiss the Complaint based on, inter alia, insufficient process and insufficient service of process. See Fed. R. Civ. P. 12(b)(4), (5).[4] In their motion, the County Defendants asserted that Patterson had failed in her October 2006 attempts to serve them with state court process. In support thereof, the County Defendants relied on several exhibits and affidavits from Gaston County employees.

---

[3] On January 24, 2007, the district court consolidated the two cases initiated by the separately filed notices of removal into a single civil action.

[4] The Federal Rules of Civil Procedure apply to this case. See Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court."). Subsequent to the district court proceedings, certain rules at issue in this appeal have been amended, without any substantive effect on the issues presented herein. Because the Supreme Court has ordered that the amended rules should apply retroactively, "insofar as just and practicable," we apply the most recent version of the rules (in effect on December 1, 2009). See Order of Mar. 26, 2009, 556 U.S. __ (U.S. Mar. 26, 2009).

On February 9, 2007, Patterson responded to the County Defendants' motion to dismiss, asserting that she was entitled, after removal, to serve the defendants with process issued by the district court. See 28 U.S.C. § 1448.[5] Pursuant to the 120-day time limit for completion of such service, specified in Rule 4(m) of the Federal Rules of Civil Procedure, Patterson maintained that she had until March 17, 2007 to perfect service.

Patterson apparently made no further effort to accomplish service, however, until March 9, 2007, when she first obtained summonses for the defendants from the district court. Then, on March 15, 2007 — shortly before the 120-day period was to expire — Patterson moved the court, pursuant to Rule 4(m), to extend her time to complete service.[6] Meanwhile, Patterson sought to serve the defendants with the then-recently issued district court process. Patterson's counsel arranged for such service of

---

[5] In relevant part, 28 U.S.C. § 1448 (entitled "Process after removal") provides that, in a removed case

> in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

[6] In pertinent part, Rule 4(m) provides that "if the plaintiff shows good cause for the failure [to serve the defendants with process], the court must extend the time for service for an appropriate period."

7

process by two methods:  personal service by process server and certified mail.[7]

On March 30, 2007, the County Defendants responded to Patterson's efforts to complete service of the process issued by the district court.  More specifically, the County Defendants filed what they designated as a "Motion to Quash Summonses of Gaston County, Jan Winters and Alan Cloninger" (the "Motion to Quash").  As authority for the Motion to Quash, the County Defendants relied on Federal Rules 4(e) and 4(j), which govern service on individuals and local governments.  In their memorandum in support of the motion, the County Defendants advanced only two contentions, which they have since abandoned: (1) that Patterson should not have been afforded 120 days after removal to serve process; and (2) that Patterson's endeavor to serve the County Defendants in their individual capacities failed to comply with the Federal Rules.  Notably, the Motion to

---

[7] The Federal Rules of Civil Procedure do not authorize service of an original complaint and summons by mail.  They do, however, permit a plaintiff to effect service in accordance with state law, see Fed. R. Civ. P. 4(e)(1), 4(j)(2)(B), and North Carolina authorizes service by mailing the summons and complaint through "registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee," N.C. Gen. Stat. § 1A-1, R. 4(j)(1)(c); see also id. R. 4(j)(5) (service upon county or city by registered or certified mail).  As a result, service on the Defendants by mail was permissible (and, as is now undisputed, was accomplished).

Quash failed to mention the contents of the Complaint — that is, whether it was complete or incomplete.

Shortly thereafter, on April 11, 2007, another defendant in the action filed a Rule 12 motion to dismiss for insufficient process, contending that the Complaint with which it had been served omitted pages 11 through 26. Although a copy of the Complaint omitting those pages had been appended to the City Defendants' notice of removal, no defendant had previously raised the missing pages contention. On May 1, 2007, yet another defendant moved to dismiss the Complaint under Rule 12 on the same ground, i.e., that the Complaint with which it was served was missing pages 11 through 26. Notwithstanding these motions, the Defendants did not come forward with similar assertions until several months later.

On May 14, 2007, Patterson responded, maintaining that she had properly served each defendant with a complete copy of the Complaint. In support thereof, Patterson submitted an affidavit of the process server who had endeavored to make personal service on the defendants, plus a separate affidavit of her attorney. Thereafter, on May 25, 2007, the City Defendants filed their first response to the Complaint: their answer (the "Answer"). The Answer began by raising several barebones affirmative defenses under the heading "First Defense." In its entirety, that passage states:

9

> [The City Defendants], pursuant to the Federal Rules of Civil Procedure assert the defenses as set forth in Rule 12(b) (2)(4)(5) & (6) of the Federal Rules of Civil Procedure and in particular, the lack of jurisdiction over these defendants, the insufficiency of service of process, and the lack of personal jurisdiction over these defendants and the failure to state a claim for relief as to these defendants.

J.A. 225.[8] The City Defendants did not elaborate on their service of process contentions in their Answer, nor did they submit a supporting memorandum of law. As such, the Answer in no way asserted that the City Defendants had been served with an incomplete copy of the Complaint.

2.

The district court conducted a hearing on the various pending motions on November 20, 2007. At the hearing, the Defendants apparently focused on Patterson's failure to file certified mail return receipts proving that she had completed service via that method.[9] The court gave Patterson seven days to file the proper receipts, and she did so in a timely fashion.

On November 26, 2007, one day before Patterson filed her certified mail return receipts, the County Defendants filed what they styled as an "Alternative Motion to Dismiss," in which they

---

[8] Citations herein to "J.A. __" refer to the Joint Appendix filed by the parties in this appeal.

[9] A transcript of the district court's hearing of November 20, 2007, is not in the record.

10

asserted for the first time that the Complaint served on them had omitted pages 11 through 26. In other words, despite having already challenged Patterson's endeavor to serve them with federal process (through their Motion to Quash of March 2007), the County Defendants — by way of their Alternative Motion to Dismiss — made another attack on Patterson's service attempt. This second attack on service was filed some eight months after Patterson sought to serve the defendants in March 2007 (and also eight months after the County Defendants filed their Motion to Quash).

On December 7, 2007, Patterson responded, asserting that the County Defendants' extraordinary delay in raising the missing pages contention constituted a waiver of the contention. More specifically, Patterson maintained that the waiver arose from the County Defendants' failure to raise the missing pages contention in their Motion to Quash. See Patterson v. Brown, No. 3:06-cv-00476 (W.D.N.C. Dec. 7, 2007), ECF No. 126 (contending that, although "these Defendants had filed extensi[ve] Motions to Dismiss [the] Complaint," they "have never alleged that [the] Complaint should be dismissed based upon alleged missing pages"). Patterson filed two additional affidavits with the district court, seeking to establish that she had in fact served all of the defendants with complete copies of the Complaint.

11

By its decision of January 24, 2008, the district court dismissed the County Defendants from the action. See Patterson v. Brown, No. 3:06-cv-00476 (W.D.N.C. Jan. 24, 2008) (the "First Memorandum Decision").[10] As an initial matter, the court ruled that Patterson had failed to serve the County Defendants with state court process. Nonetheless, the court concluded that, under applicable law, Patterson had 120 days from the removal of the action to federal court to serve the defendants with process issued by the district court. See id. at 13-16. Turning to Patterson's endeavor to serve the County Defendants with federal process in March 2007, the district court concluded that Patterson's effort was fatally insufficient solely because she had served the County Defendants with a Complaint that omitted pages 11 through 26, in contravention of the obligation to serve a complete copy of the complaint. See id. at 29.

The First Memorandum Decision also addressed Patterson's assertion that the County Defendants had waived the "missing pages contention" by not raising it in their Motion to Quash. The district court acknowledged that, despite having been raised by two other defendants in April and May 2007, the missing pages contention was first advanced by the County Defendants in

_____

[10] The First Memorandum Decision is found at J.A. 336-80.

November 2007. Thus, the court "agree[d] that the [County] Defendants could have, and indeed should have, raised this issue much earlier in the proceedings." First Memorandum Decision 24. Nevertheless, the court declined to deem the County Defendants' contention untimely, primarily because Patterson had not submitted adequate evidence in April and May to rebut the other defendants' assertions that they had been served with partial copies of the Complaint. See id. at 25. Instead, the court reasoned that Patterson had not been "prejudiced" by the County Defendants' delay, explaining that "while the Gaston County Defendants may have been dilatory in joining the other [d]efendants in raising the issue, [Patterson] has been equally dilatory in responding to the issue." Id. at 24-25. Thus, in the "interest of fairness and judicial economy," the court resolved to "consider both the Gaston County Defendants' untimely raised alternative argument and [Patterson's] untimely evidence in opposition." Id. at 25.

On the merits of the missing pages contention, the district court determined that Patterson had not served the County Defendants with complete copies of the Complaint. Without conducting an evidentiary hearing, the court concluded that the affidavits submitted by Patterson to prove sufficient service were "of questionable value." First Memorandum Decision 26; see also id. at 29 ("[T]he Court finds as fact that these Defendants

13

were not served with a copy of the Complaint that included pages 11 through 26 thereof, and that based thereon, the Court concludes that the Plaintiff has failed to carry her burden of showing that full and complete copies of the Complaint were served upon these Defendants.").

Additionally, the district court denied Patterson's motion for an extension of time to complete service. See First Memorandum Decision 33-40. In so ruling, the court observed that Fourth Circuit precedent requires a plaintiff to demonstrate "good cause" before a court may extend the time period for completing service. See id. at 34 (citing Mendez v. Elliot, 45 F.3d 75, 78 (4th Cir. 1995)). Patterson could not demonstrate good cause, according to the court, primarily because she had "not been diligent in her attempts" at service, even after receiving a "second bite at the apple" in the form of an additional 120 days after removal within which to serve the defendants. Id. at 37. The court also emphasized that Patterson had not offered any reason for her delay or stated how much time she would need to complete service. Id. at 37-38.

4.

On June 5, 2008 — more than four months after the district court rendered its First Memorandum Decision and over a year after filing their Answer — the City Defendants moved to dismiss the Complaint (the "Motion to Dismiss"). In the Motion to

14

Dismiss, the City Defendants contended for the first time that Patterson had failed to serve them with sufficient process because she had served incomplete copies of the Complaint. As discussed above, although the City Defendants listed the barebones defense of insufficient process under Rule 12(b)(4) in their Answer, they had never before specified their missing pages contention. Thus, it was in the Motion to Dismiss that the City Defendants first maintained that they were served with an incomplete Complaint.

The Motion to Dismiss was submitted to a magistrate judge, who recommended granting it based on the district court's resolution of the missing pages contention in the First Memorandum Decision. After Patterson filed an objection to the magistrate judge's recommendation, the district court issued a second memorandum decision on September 22, 2008, adopting the magistrate judge's report and recommendation. See Patterson v. Brown, No. 3:06-cv-00476 (W.D.N.C. Sept. 22, 2008) (the "Second Memorandum Decision").[11] In short, the court concluded that Patterson had not proven that she had served the City Defendants with complete copies of the Complaint. See id. at 7. As a result, the court also dismissed the Complaint as to the City Defendants.

---

[11] The Second Memorandum Decision is found at J.A. 408-15.

15

Thereafter, Patterson timely appealed. We possess jurisdiction pursuant to 28 U.S.C. § 1291.

## II.

On appeal, Patterson primarily maintains that the district court erred in dismissing the Defendants, based on its finding that she had served them with incomplete copies of the Complaint. As detailed below, we conclude that the court erred, in that the Defendants waived their rights under the Federal Rules to assert that they had only been served with incomplete copies of the Complaint. See Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 203 (4th Cir. 2006) (observing that we review district court's interpretation of applicable rules of procedure de novo).[12] Accordingly, we reverse and remand.

## A.

We begin with the district court's dismissal of the County Defendants. Because the County Defendants waived the then-

---

[12] Although Patterson clearly raised the waiver issue in the district court, she arguably abandoned it on appeal by failing to sufficiently explain her contentions in her opening brief. See Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (citing Fed. R. App. P. 28(a)(9)(A)). In any event, we are content to assess the waiver issue, as we are entitled to exercise our discretion to overlook an abandonment if a miscarriage of justice would otherwise result. See A Helping Hand, LLC v. Balt. Cnty., Md., 515 F.3d 356, 369 (4th Cir. 2008).

available missing pages contention by not raising it in their Motion to Quash, and because the missing pages contention was the only service defect identified by the district court as a basis for dismissing the County Defendants, that dismissal was erroneous.

To recap the relevant procedural history, the County Defendants, immediately after Patterson endeavored to serve them with federal process in March 2007, attacked the sufficiency of Patterson's service of process by filing the Motion to Quash. In so doing, the County Defendants challenged service on two bases, neither of which implicated the completeness of the Complaint. Then, in the Alternative Motion to Dismiss — filed eight months after Patterson's service attempt and the filing of the Motion to Quash — the County Defendants first advanced the missing pages contention.

It is beyond peradventure that the Motion to Quash represented the County Defendants' attempt at securing a Rule 12 dismissal of the Complaint. More specifically, it is clear that what the County Defendants sought in their Motion to Quash was to have Patterson's claims dismissed due to insufficient process — a motion expressly provided for by Rule 12(b)(4). Cf. Martin v. Stokes, 623 F.2d 469, 474 n.8 (6th Cir. 1980) ("[T]here is no longer a 'motion to quash' as defendants filed; technically, the

17

proper motion would have been a motion to dismiss for insufficiency of service under Rule 12(b)(5) . . . .").[13]

The County Defendants' filing of the Motion to Quash, which was actually a Rule 12 motion to dismiss, has important consequences. Namely, since the Federal Rules were first adopted in 1938, they have barred a defendant from interposing successive motions raising certain Rule 12(b) defenses — including insufficient process under Rule 12(b)(4) — if the defense was previously available to the defendant. More specifically, Rule 12(g)(2) provides that

> a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

Fed. R. Civ. P. 12(g)(2). Rule 12(h) further provides that a "party waives any defense listed in Rule 12(b)(2)-(5) by . . . omitting it from a motion in the circumstances described in Rule 12(g)(2)." Fed. R. Civ. P. 12(h)(1)(A). Significantly, our Judge Phillips has explained that Rule 12 <u>prohibits</u> a trial court from dismissing an action on the basis of a service defect

---

[13] In the district court, the County Defendants relied on two authorities for the proposition that a motion to quash is an "alternative" to a Rule 12 motion to dismiss. Each of the cited decisions, however, specifies that the motion to quash was made pursuant to Rule 12(b)(4). <u>See</u> <u>Boateng v. Inter Am. Univ. of P.R.</u>, 188 F.R.D. 26, 27 (D.P.R. 1999); <u>R. Griggs Grp. Ltd. v. Filanto Spa</u>, 920 F. Supp. 1100, 1102 (D. Nev. 1996).

when that defense was omitted from the defendant's pre-answer motion. See Pusey v. Dallas Corp., 938 F.2d 498, 510 n.4 (4th Cir. 1991) ("[A] party's waiver operates not only to cut off his right to raise the defense, but the court's power to invoke it."). As such, the district court erred in dismissing the County Defendants on a ground that they had waived — namely, that they had been served with incomplete copies of the Complaint.

B.

We are constrained to reach the same conclusion with respect to the district court's dismissal of the City Defendants. As related above, the City Defendants filed their Answer in May 2007 raising four Rule 12(b) defenses in name only, without any specific development of their assertions. And, although the missing pages contention had already been raised by two other defendants, the City Defendants offered no explanation in their Answer of what defect plagued Patterson's service attempt. What is more, the City Defendants did not even attempt to join the missing pages contention when the County Defendants eventually asserted it in their Alternative Motion to Dismiss in November 2007. Instead, the City Defendants inexplicably waited until June 2008 — over fourteen months after the process in question was served, and over a year after the Answer was filed — to file the Motion to Dismiss asserting that

19

the process was insufficient because the Complaint was missing pages.

The principles applicable to our disposition of the County Defendants' position on appeal also foreclose the City Defendants from attempting this two-step method of attacking the sufficiency of process, first through a generic answer and then by way of a Rule 12 motion. See Fed. R. Civ. P. 12(h)(1)(B)(ii); Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs., 553 F.3d 1351, 1361 (11th Cir. 2008) (concluding that defendant waived insufficiency of service defense by not advancing it in answer); 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1391 (3d ed. 2004) (observing that any challenge to service of process must be made "at the time the first significant defensive move is made — whether it be by way of a Rule 12 motion or a responsive pleading").

Moreover, although the City Defendants were free to forego a Rule 12 motion and instead challenge the sufficiency of service in their Answer, they were required to preserve that defense by asserting it with some specificity. See Photolab Corp. v. Simplex Specialty Co., 806 F.2d 807, 810 (8th Cir. 1986) (recognizing that an objection to sufficiency of process or service of process "must be specific and point out in what manner the plaintiff has failed to satisfy the requirements of

20

the service provision utilized"); see also SEC v. Beisinger Indus. Corp., 552 F.2d 15, 19-20 (1st Cir. 1977) (determining that defendants waived particular service objection by only raising unrelated service contention). Thus, even where a defendant generally raises a service of process contention in its answer, that contention will be deemed waived if the defendant fails to adequately develop it in a reasonably prompt manner. See, e.g., Datskow v. Teledyne, Inc., 899 F.2d 1298, 1303 (2d Cir. 1990) (concluding that defendant waived defective service defense by stating it in answer, but not developing it until motion to dismiss filed four months later).

Pursuant to these controlling principles, the City Defendants waived their opportunity to challenge Patterson's service of an incomplete Complaint when they filed an Answer that attacked the sufficiency of process in barebones fashion only, and then waited over a year before submitting a Rule 12 motion actually spelling out the missing pages contention. Because Rule 12(h) bars such a tactic, the district court erred in dismissing the City Defendants from the action on the basis of Patterson's asserted service of an incomplete Complaint.[14]

---

[14] In these circumstances, we need not address Patterson's remaining two claims of error — (1) that the district court abused its discretion in refusing to extend the time to complete service of process, and (2) that the court erroneously barred her from conducting limited jurisdictional discovery.

III.

Pursuant to the foregoing, we dismiss in part, reverse in part, and remand for such other and further proceedings as may be appropriate.

<u>DISMISSED IN PART,</u>
<u>REVERSED IN PART, AND REMANDED</u>