Louvenia McRAE, Willie J. McQueen, Dorothy Hamer, Billy Jones, Katime Witmore, Hattie McLaurin, Jerry McNeill, and Lester Quick, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

ROGOSIN CONVERTERS, INC.; the Benefit Committee; Rogosin Converters Board of Directors; Wachovia Bank of North Carolina, N.A.; Rogosin Converters and Committee Under the Pension Plan of Rogosin Converters, Inc.; W. Legette McLean; John Ochtera; Hilda Jackson; Kordsa USA; ML & Z; Presidential; and Klerer Financial Services, Inc., Defendants.

No. 1:02CV01105.

United States District Court, M.D. North Carolina.

Jan. 27, 2004.

Louvenia McRae, pro se, Laurel Hill, NC, Willie J. McQueen, pro se, Wagram, NC, Dorothty Hamer, pro se, Laurinburg, NC, Billy W. Jones, Hamlet, NC, Katie Witemore, Laurinburg, NC, Hattie McLaurin, pro se, Maxton, NC, Jerry McNeill, pro se, Laurel Hill, NC, Lester Quick, pro se, Marston, NC, for plaintiffs.

William R. Purcell, II, Purcell & Griswold, L.L.P., Laurinburg, NC, Angelique R. Vincent, David C. Wright, III, Robinson Bradshaw & Hinson, P.A., Charlotte, NC, J. Alexander S. Barrett, Brian Stephen Clarke, Nexsen Pruet Adams Kleemeier, PLLC, Greensboro, NC, for defendants.

## MEMORANDUM OPINION

BULLOCK, District Judge.

On December 19, 2002, Louvenia McRae, Willie J. McQueen, Dorothy Hamer, Billy Jones, Katime Witmore, Hattie McLaurin, Jerry McNeill, and Lester Quick ("Plaintiffs") filed this civil action *pro se* pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA"), against Rogosin Converters, Inc. ("Rogosin Converters"); the Benefit Committee; Rogosin Converters Board of Directors ("the Board of Directors"); Wachovia Bank, National Association, sued hereinabove as Wachovia Bank of North Carolina, N.A. ("Wachovia"); Rogosin Converters and Committee under the Pension Plan of Rogosin Converters, Inc. ("the Committee under the Pension Plan"); W. Legette McLean ("McLean"); John Ochtera ("Ochtera"); Hilda

Jackson ("Jackson"); Kordsa USA ("Kordsa"); Mandal, Lippert & Zverin, Certified Public Accountants, sued hereinabove as ML & Z ("ML & Z"); Presidential Life Insurance Company, sued hereinabove as Presidential ("Presidential"); and Klerer Financial Services, Inc. ("Klerer Financial"). Before the court are Defendants' motions to dismiss Plaintiffs' complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(4), 12(b)(5), 12(b)(6), and 12(b)(7). For the following reasons, Defendants' motions to dismiss will be granted.

## FACTS

Plaintiffs are eight former employees of Rogosin Converters who filed this ERISA action *pro se* to recover benefits allegedly due under the Rogosin Converters, Inc. Restated Pension Plan ("the Pension Plan of Rogosin Converters"). On April 18, 2000, Kordsa purchased Rogosin Converters' manufacturing facility located in Scotland County, North Carolina, and established its own retirement plan instead of taking over the Pension Plan of Rogosin Converters. Although Plaintiffs' complaint fails to state clearly the factual and legal bases for their claim, Plaintiffs contend that when Kordsa purchased Rogosin Converters' manufacturing facility and established its own retirement plan, the Pension Plan of Rogosin Converters became "moot as a pension plan" even though it contained "millions of dollars owned by Plaintiff[s]." (Compl. at ¶ 26.) According to Plaintiffs' complaint, "the Rogosin Converters, Inc. Pension Plan is holding employees benefits illegally after the [non] existence of Rogosin Converters, Inc. on April 18, 2000, and without Plaintiffs' permission or consent." (Compl. at ¶ 30.)

On January 31, 2003, Rogosin Converters, the Benefit Committee, the Board of Directors, the Committee under the Pension Plan, McLean, Ochtera, Jackson, Kordsa, ML & Z, Presidential, and Klerer Financial filed a motion to dismiss Plaintiffs' complaint. On February 27, 2003, Wachovia filed its own motion to dismiss Plaintiffs' complaint. On March 21, 2003, Presidential filed another separate motion to dismiss Plaintiffs' complaint. By letter dated April 7, 2003, the court informed Plaintiffs that their responses to Defendants' motions to dismiss "must be filed within 20 days from the date of service of the defendant(s)' motion upon you." The court also explained to Plaintiffs that "failure to respond or, if appropriate, to file affidavits or evidence in rebuttal within the allowed time may cause the court to conclude that the defendant(s)' contentions are undisputed and/or that you no longer wish to pursue the matter."

On May 2, 2003, Plaintiffs filed an unsigned document entitled "Plaintiffs' Motion in Opposition to Defendants' Motion to Dismiss; and Plaintiffs' Motion for Judicial Notice and Motion to Compel." On May 12, 2003, United States Magistrate Judge P. Trevor Sharp ordered that the unsigned document filed by Plaintiffs be stricken without prejudice for failure to comply with Federal Rule of Civil Procedure 11 and Local Rule 7.3. Judge Sharp also granted Plaintiffs leave to file a proper response to Defendants' motions to dismiss on or before May 22, 2003. On May 23, 2003, after the time for filing a response had expired, Plaintiffs filed a signed document entitled "Plaintiffs' Opposition to Defendants' Motion for Dismissal."

Local Rule 7.3(k) provides that failure to file a brief or response within the time specified in this rule shall constitute a waiver of the right to file such brief or response, except upon a showing of excusable neglect, and that such failure to file will ordinarily result in the motion being considered as uncontested and granted without further notice. In the instant case, Plaintiffs failed to file a timely re-

sponse to Defendants' motions to dismiss and have failed to justify their untimely response with any grounds sufficient to support a finding of excusable neglect. The court will therefore strike Plaintiffs' untimely response filed on May 23, 2003, and will grant Defendants' motions to dismiss. In the alternative and in the interests of justice, the court will consider the merits of Defendants' motions to dismiss and will consider Plaintiffs' untimely response filed on May 23, 2003. Even so, after a careful review of Plaintiffs' complaint and the parties' briefs, including Plaintiffs' opposition to Defendants' motions, the court will grant Defendants' motions to dismiss.

## DISCUSSION

As a preliminary matter, Ochtera, ML & Z, Presidential, and Klerer Financial contend that Plaintiffs' complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5) because they have not been served with process in accordance with Federal Rule of Civil Procedure 4. When a defendant challenges the manner or sufficiency of service of process, "[t]he plaintiff bears the burden of establishing that the service of process has been performed in accordance with the requirements of Federal Rule of Civil Procedure 4." *Elkins v. Broome*, 213 F.R.D. 273, 275 (M.D.N.C.2003) (citing *Plant Genetic Sys., N.V. v. Ciba Seeds*, 933 F.Supp. 519, 526 (M.D.N.C.1996)). In the instant case, Plaintiffs' only response to Defendants' motion to dismiss pursuant to Rule 12(b)(5) is that "[t]he Complaint and Summonses were served by United States Marshals and that the Complaint and Summonses were properly served in time for Defendants to timely file their answer to the Complaint and Summonses served upon them." (Pls.' Opp'n to Defs.' Mot. for Dismissal at 3.) After a careful review of the record, including the process servers' returns, the court finds that United States Marshals did effectuate service of Plaintiffs' complaint and summons upon Presidential and Klerer Financial. *See* 5A Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1353 at 283 (2d ed. 1990) ("Normally the process server's return will provide a prima facie case as to the facts of service ....."). However, the record also reflects that Plaintiffs failed to serve a complaint and summons on Ochtera and ML & Z. Therefore, the court will grant Ochtera's and ML & Z's motions to dismiss Plaintiffs' complaint pursuant to Rule 12(b)(5).

All Defendants have moved to dismiss Plaintiffs' complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. A motion to dismiss made pursuant to Rule 12(b)(6) should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In considering a motion to dismiss for failure to state a claim, the court accepts as true all well-pleaded allegations and views the complaint in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993), *cert. denied, Am. Home Prods. Corp. v. Mylan Labs., Inc.*, 510 U.S. 1197, 114 S.Ct. 1307, 127 L.Ed.2d 658 (1994). The function of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint and not the facts that support it. *Neitzke v. Williams*, 490 U.S. 319, 326–27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Revene v. Charles County Comm'rs*, 882 F.2d 870, 872 (4th Cir.1989) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *abrogated on other grounds by Harlow v.*

*Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)).

None of the parties dispute that the Pension Plan of Rogosin Converters is an employee pension benefit plan covered by ERISA. *See* 29 U.S.C. §§ 1002(2)(A)—(B)(3) and 1003. As a result, Plaintiffs' claim to recover benefits allegedly due under the Pension Plan of Rogosin Converters falls within the scope of ERISA and is governed exclusively by 29 U.S.C. § 1132(a)(1)(B). Section 1132(a)(1)(B) generally empowers a participant or beneficiary of an employee pension benefit plan to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

All Defendants contend that Plaintiffs' complaint should be dismissed for failure to state a claim because the only proper defendant in a Section 1132(a)(1)(B) action is the pension plan itself. Some circuits have held that a claim for benefits under Section 1132(a)(1)(B) can be brought only against the pension plan itself as an entity. *See Jass v. Prudential Health Care Plan, Inc.,* 88 F.3d 1482, 1490 (7th Cir.1996); *see also Gelardi v. Pertec Computer Corp.,* 761 F.2d 1323, 1324 (9th Cir.1985) (per curiam). However, other circuits have held that Section 1132(a)(1)(B) permits a plaintiff to bring an action to recover benefits against the pension plan itself and any fiduciaries with control over administration of the pension plan. *See Garren v. John Hancock Mut. Life Ins. Co.,* 114 F.3d 186, 187 (11th Cir.1997); *see also Curcio v. John Hancock Mut. Life Ins. Co.,* 33 F.3d 226, 233 (3d Cir.1994).

■ Although the Fourth Circuit has not published a decision that expressly holds who is a proper defendant in an action for benefits under Section 1132(a)(1)(B), the Fourth Circuit appears to be aligned with those circuits that permit a plaintiff to bring an action to recover benefits under Section 1132(a)(1)(B) against the pension plan itself as an entity and any fiduciaries who control the administration of the pension plan. *See Gluth v. Wal–Mart Stores, Inc.,* No. 96–1307, 1997 WL 368625, at *6 (4th Cir. July 3, 1997) (unpublished) (concluding that a district court erred by permitting plaintiff to amend its complaint and name an additional defendant because the additional defendant had no control over plan administration and therefore was not a proper defendant in plaintiff's action for benefits under Section 1132(a)(1)(B)). In the instant case, Plaintiffs' complaint does not name the Pension Plan of Rogosin Converters as a defendant. Therefore, the validity of Plaintiffs' Section 1132(a)(1)(B) claim against Defendants depends on whether Defendants qualify as fiduciaries with control over administration of the Pension Plan of Rogosin Converters.

■ Under the requirements of ERISA, "[e]very employee benefit plan . . . . shall provide for one or more named fiduciaries who jointly or severally shall have authority to control and manage the operation and administration of the plan." 29 U.S.C. § 1102(a)(1). "If a plan designates a person or entity a 'named fiduciary,' then such person or entity is presumptively a fiduciary and subject to liability under ERISA." *Rayburn v. Health Care Plan of Carolina Sales, Inc.,* No. Civ. 1:00CV00458, 2000 WL 1456290, at *2 (M.D.N.C. Sept.1, 2000) (citing *Yeseta v. Baima,* 837 F.2d 380, 384 (9th Cir.1988)). However, a person or entity may still qualify as a fiduciary under ERISA even if the plan does not designate that person or entity as a named fiduciary because ERISA extends the scope of the term fiduciary to any person or entity who actually exercises discretionary authority,

control, or responsibility over the plan. *See id.; see also* 29 U.S.C. § 1002(21)(A).[1]

■ The court must liberally construe *pro se* complaints and hold *pro se* complaints to a less stringent standard than complaints drafted by licensed attorneys. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (per curiam), *reh'g denied,* 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972); *see also De'Lonta v. Angelone,* 330 F.3d 630, 633 (4th Cir.2003). However, "[p]rinciples requiring generous construction of *pro se* complaints are not ... without limits." *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985); *see also Holsey v. Collins,* 90 F.R.D. 122, 128 (D.Md.1981) ("[E]ven *pro se* litigants ... must meet certain minimal standards of pleading.") (citation omitted). Although Plaintiffs' complaint fails to allege specifically that the Pension Plan of Rogosin Converters designated Defendants as named fiduciaries, Section 9.1 of the Pension Plan of Rogosin Converters provides that "[t]he Named Fiduciaries and the Plan Administrator of this Plan shall be the members of the Committee acting as the Committee and not as individuals." (Br. Supp. Def. Presidential Life Ins. Co.'s Mot. to Dismiss, Ex. A.)[2] Therefore, the court finds that the Committee under the Pension Plan is a named fiduciary under the terms of the Pension Plan of Rogosin Converters and a proper defendant in Plaintiffs' action for benefits under Section 1132(a)(1)(B).

Conversely, Plaintiffs' complaint provides no factual basis whatsoever to support a finding that the other named Defendants actually exercised discretionary authority, control, or responsibility over the Pension Plan of Rogosin Converters. Based on Plaintiffs' failure to allege sufficient facts to support a finding that the other named Defendants qualify as fiduciaries under ERISA, the court finds that the other named Defendants are not proper defendants in Plaintiffs' action for benefits under Section 1132(a)(1)(B). Therefore, the court will grant the motions to dismiss filed by Rogosin Converters, the Benefit Committee, the Board of Directors, Wachovia, McLean, Jackson, Kordsa, Presidential, and Klerer Financial and will dismiss Plaintiffs' Section 1132(a)(1)(B) claim against those Defendants for failure to state a claim upon which relief can be granted.

■ Although the Committee under the Pension Plan is a named fiduciary under the terms of the Pension Plan of

---

**1.** 29 U.S.C. § 1002(21)(A) provides as follows, in pertinent part:

[A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

**2.** Plaintiffs' complaint refers to the Pension Plan of Rogosin Converters and Plaintiffs'

claim for benefits under Section 1132(a)(1)(B) and is dependant on the terms of the Pension Plan of Rogosin Converters. Presidential has submitted a copy of the Pension Plan of Rogosin Converters and relied on provisions of the Pension Plan of Rogosin Converters in support of its motion to dismiss. Plaintiffs also rely on language from the Pension Plan-of Rogosin Converters in their responsive pleading. Under these circumstances, it is proper for the court to consider the terms of the Pension Plan of Rogosin Converters even though the Pension Plan of Rogosin Converters is not attached to or incorporated into Plaintiffs' complaint. *See Brass v. Am. Film Techs., Inc.,* 987 F.2d 142, 150 (2d Cir.1993); *see also Hull v. Policy Mgmt. Sys.,* 2001 WL 1836286, at *1 (D.S.C. February 9, 2001).

Rogosin Converters and a proper defendant in Plaintiffs' action for benefits under Section 1132(a)(1)(B), Plaintiffs cannot prove any set of facts in support of their claim which would entitle them to relief because Plaintiffs have failed to exhaust the administrative remedies available to them under the Pension Plan of Rogosin Converters. While ERISA contains no explicit requirement that Plaintiffs exhaust their administrative remedies under the Pension Plan of Rogosin Converters prior to seeking relief from the court, the Fourth Circuit has held that "an ERISA claimant generally is required to exhaust the remedies provided by the employee benefit plan in which he participates as a prerequisite to an ERISA action for denial of benefits under [Section] 1132." *Makar v. Health Care Corp. of the Mid–Atlantic (Carefirst)*, 872 F.2d 80, 82 (4th Cir.1989); *see also McWilliams, Jr. v. Metro. Life Ins. Co.*, No. 98–1732, 1999 WL 64275, at *2 (4th Cir. February 11, 1999) (unpublished) (stating that "an ERISA cause of action based on the denial of benefits accrues at the time benefits are denied") (citing *Bolton v. Constr. Laborers Pension Trust for S. Cal.*, 56 F.3d 1055, 1058 (9th Cir.1995)). "This exhaustion requirement rests upon [ERISA]'s text and structure as well as the strong federal interest encouraging private resolution of ERISA disputes." *Makar*, 872 F.2d at 82 (citing *Kross v. Western Elec. Co., Inc.*, 701 F.2d 1238, 1243–45 (7th Cir.1983)).

All benefit plans covered by ERISA must provide internal dispute resolution procedures for participants whose claims for benefits have been denied. *See* 29 U.S.C. § 1133. In the instant case, Section 9.10 of the Pension Plan of Rogosin Converters provides a comprehensive internal dispute resolution procedure that is triggered when the Committee under the Pension Plan denies a participant's claim for benefits.[3]

**3.** Section 9.10 of the Pension Plan of Rogosin Converters provides as follows, in pertinent part:

Where a Participant is or Beneficiary's claim for benefits shall be denied, the Committee shall give the Participant or Beneficiary adequate written notice of the denial. The Participant may file a written claim with any member of the Committee as a group. The Committee shall decide whether the claim shall be allowed or denied in whole or in part. In the event that the Committee shall wholly or partially deny the claim for benefits made by any claimant, written notice of such denial shall be furnished to the claimant within ninety (90) days ... unless the Committee for good cause requests an additional ninety (90) days....

Within sixty (60) days following receipt of such notice by the claimants such claimant may appeal denial of the claim by filing in writing with the Committee a written application for review. Following request for such review, the Committee shall fully and fairly review the decision denying the claim. Prior to the decision of the Committee, the claimant shall be given an opportunity to review pertinent documents, and to submit issues and comments in writing. The Committee shall make its decision regarding the merits of the claim promptly, and within sixty (60) days following receipt by it of the request for review (or within one hundred twenty (120) days after such receipt, in a case where there are special circumstances requiring extension of time for processing the claim), shall deliver the decision to the claimant in writing....

If the claimant shall not be satisfied with the decision of the Committee, or if the decision of the Committee is not submitted in timely manner, the claimant shall appoint an arbitrator and ... the Committee shall appoint another arbitrator. The decision of the two (2) arbitrators so appointed shall be final and conclusive. However, in the event the two (2) arbitrators so appointed are unable to agree, they shall appoint a third arbitrator, and a decision of the majority of the three (3) arbitrators shall be final and conclusive....

In the event that any dispute shall arise as to any act to be performed under this Plan, the Committee may postpone the performance of such act until actual adjudication of such dispute shall have been made in a court of competent jurisdiction or it

Plaintiffs allege that they have attempted "to get their full benefits [in] one lump sum .... [but] have not been able to get information on the status of their funds in Rogosin Converters, Inc. Pension Plan, nor how the Rogosin Converters, Inc. Pension Plan will operate since Rogosin Converters is now moot." (Compl. at ¶ 27.) However, Plaintiffs' complaint fails to establish whether or how Plaintiffs pursued any administrative remedies under Section 9.10 of the Pension Plan of Rogosin Converters. Moreover, Plaintiffs' have failed to make a clear and positive showing of futility necessary to support suspension of the exhaustion requirement in this case. *See Davis v. Featherstone,* 97 F.3d 734, 737 (4th Cir.1996). Therefore, the court will grant the Committee under the Pension Plan's motion to dismiss Plaintiffs' complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.[4]

### CONCLUSION

For the foregoing reasons, the court will grant Defendants' motions to dismiss Plaintiffs' complaint.

An order in accordance with this memorandum opinion shall be entered contemporaneously herewith.

### *ORDER*

For the reasons set forth in the memorandum opinion filed contemporaneously herewith,

IT IS ORDERED that Defendants John Ochtera and ML & Z's motion [Doc. # 22] to dismiss for insufficiency of service of process is **GRANTED**, and this action is **DISMISSED** without prejudice as to Defendants John Ochtera and ML & Z.

IT IS FURTHER ORDERED that Defendants' motion [Doc. # 22] to dismiss for failure to state a claim upon which relief can be granted is **GRANTED**, and this action is **DISMISSED** without prejudice as to Defendants Rogosin Converters, Inc.; the Benefit Committee; Rogosin Converters Board of Directors; Rogosin Converters and Committee under the Pension Plan of Rogosin Converters, Inc.; W. Legette McLean; Hilda Jackson; Kordsa USA; Presidential; and Klerer Financial Services, Inc.

IT IS FURTHER ORDERED that Defendant Wachovia Bank of North Carolina, N.A.'s motion [Doc. # 124] to dismiss for failure to state a claim upon which relief can be granted is **GRANTED**, and this action is **DISMISSED** without prejudice as to Defendant Wachovia Bank of North Carolina, N.A.

IT IS FURTHER ORDERED that Defendant Presidential's motion [Doc. # 126] to dismiss for failure to state a claim upon which relief can be granted is **GRANTED**, and this action is **DISMISSED** without prejudice as to Defendant Presidential.

---

shall be indemnified against loss to its satisfaction.
(Br. Supp. Def. Presidential Life Ins. Co.'s Mot. to Dismiss, Ex. A.)

4. Although Plaintiffs have not sought to amend, Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading "shall be freely given when justice so requires;" however, it is well established that a court may deny leave to amend where the proposed amendment would be futile. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). In the instant case, the court finds that it would be futile to grant Plaintiffs leave to amend their complaint in order to add the Pension Plan of Rogosin Converters as a defendant because Plaintiffs have failed to exhaust their administrative remedies.